# MARSHALL FIELD ET AL.

## v.

# DAVID ZEMANSKY.

1. PRACTICE—PLEA CONFESSED.—Defendants in a replevin suit pleaded, among other pleas, justification under a writ of attachment; to which plea no replication was filed. The writ of attachment was not offered in evidence upon trial. *Held*, that there being no replication, the plea stood confessed, and defendants were at liberty to attack the sale to plaintiff as fraudulent.

2. EVIDENCE—PRODUCTION OF BOOKS, PAPERS, ETC.—Courts have power upon notice being given, to compel parties to produce books or writings in their possession, or power, which contain evidence pertinent to the issue, for use as evidence in the cause.

3. NOTICE TO PRODUCE.—The object of requiring notice to be given is that the party may have an opportunity to produce the papers called for, and not be taken by surprise. Where the writings required were actually in court in the hands of the attorney of the party, at the time of the trial, there was no necessity for previous notice.

APPEAL from the Superior Court of Cook county, the Hon. R. S. WILLIAMSON, Judge, presiding. Opinion filed November 29, 1881.

This was an action of replevin, brought by appellee against appellants, to recover possession of a stock of goods. Hoffman pleaded separately (1) non detinet, (2) property in Simon Lipki, (3) property in Field, Leiter & Co. (4) justification as sheriff, under a writ of attachment issued out of the Superior Court of Cook County, in favor of Field, Leiter & Co., against the property of Lipki.

The other defendants pleaded, (1) non detinet, (2) property in themselves, (3) property in Lipki, (4) property in Hoffman, as sheriff.

Replications were filed to all the pleas, except the plea of justification, by Hoffman, to which no replication is shown in the record. The cause was submitted to the court for trial, who found the issues for the plaintiff, and the defendant appealed to this court.

Mr. A. B. McConoughey, for appellants; as to the power of the court to compel the production of papers, cited Amey v. Long, 9 East, 473; Corsen v. Dubois, 1 Holt. N. P. 239; 3 Chitty's Pr. 433; Gould v. McCarty, 1 Kernan, 575; Rev. Stat. 1874, Chap. 51, § 9.

Notice is not necessary where the adverse party or his attorney has the papers in court: Dwyer v. Collins, 7 Ex. 639; McPherson v. Reynolds, 7 Wend. 216.

Mr. Simeon Strauss and Mr. L. V. Ferris, for appellee; that the notice was insufficient, cited Wade on Notice, 548; France v. Lucy, Ry. & M. 341; Cummings v. McKinney, 4 Scam. 57.

Wilson, P. J. The plaintiff sought to show title to the goods, under an alleged purchase by him, from one Simon Lipki. The defendants attacked the sale on the ground of fraud and collusion between the plaintiff and Lipki. The writ of attachment under which the goods were seized was not offered in evidence, but as no replication was filed to the plea, justifying the taking under the writ, the plea stood confessed, and the defendants were thus in a position to attack the sale on the ground of fraud.

The plaintiff, who was the only witness sworn in his behalf, testified that he purchased the goods of Lipki August 31, 1880; that they took an inventory of the goods, and agreed on $400 as the purchase price; that a bill of sale was drawn, and he paid $75 cash down, and gave his check for $325 for the balance; that he took possession of the goods by his clerk, who brought them to plaintiff's store the second morning after their purchase, when he paid the balance of the purchase-money to Lipki's wife. The writ of attachment was served the same day in the afternoon.

At the conclusion of the plaintiff's evidence, the defendants produced and read to the court, a notice in writing, served on the day of the trial, service of which had been duly accepted by plaintiff's attorney, notifying him to produce at the trial, all checks, bills of sale, and other papers used, or alleged to have been used in the transfer of the goods replevied, and

Field v. Zemansky.

moved the court for a rule on the plaintiff to produce to be used in evidence by the defendant, the memorandum or inventory, bank check and other papers referred to in the notice. The court denied the motion, on the ground that it knew of no law conferring authority upon the court, to require the production of such papers; and the papers were not produced.

Section 9 of the Practice Act (Rev. Stat. Chapter 31), provides that the several courts shall have power in any action pending before them, upon good and sufficient cause, and upon reasonable notice thereof given, to require the parties, or either of them, to produce books or writings in their possession or power which contain evidence pertinent to the issue. This statute gave to the court ample authority to require the production of the papers referred to in the notice.

The objection that no sufficient notice was given, is without force. The only reason for requiring previous notice to be given is, that the party may have an opportunity to produce the books or papers called for, and not be taken by surprise on the trial. But here the papers asked for were in court in the hands of the plaintiff's attorney at the time of the trial, and there was no necessity for any previous notice. No surprise or hardship could result from his being required to produce them on demand.

Counsel for appellee urges various objections to the sufficiency of the notice, which are of an exceedingly technical character, as that defendant Hoffman's name was spelled Hoofman, and Lipki's, Lipke, etc. These, as well as the further objection that the notice was too indefinite and uncertain, are without any force. The plaintiff's attorney admitted that he had the papers in court, and the court refused to order their production, on the sole ground of want of authority. This was error, and the judgment is therefore reversed and the cause remanded for a new trial.

Reversed and remanded.