## SOUTHERN RAILWAY COMPANY v. McKENZIE.

In view of the principle laid down in the case of *Head* v. *Georgia Pacific Railway Company*, 79 *Ga.* 358, followed in the case of *Morse* v. *Southern Railway Company*, on the 7th instant, the plaintiff, under the facts as found by the jury, was entitled to a recovery; and as no material error was committed at the trial and the verdict was reasonable in amount, there is no cause for a new trial. LUMPKIN, P. J., concurring specially.

Argued June 25,—Decided August 10, 1897.

Action for damages. Before Judge Milner. Gordon superior court. August term, 1896.

The holder of a ticket for transportation from Chicago to Atlanta and return over connecting lines of railway, was refused passage on the ticket upon a train of the Southern Railway Co., one of the connecting lines, and on his refusal to pay fare or. leave the train, was ejected at a station in Gordon county. He brought suit for damages. The company set up that he did not comply with the conditions of the ticket by identifying himself in the manner required by its agents, as stipulated therein. The plaintiff obtained a verdict for $250. Defendant's motion for a new trial was overruled, and it excepted.

The ticket contained the following conditions, which were signed by the plaintiff as purchaser: (3) "This ticket will

not be valid for the returning trip, unless signed by me in the presence of the authorized joint agent at Atlanta, Ga.; also witnessed and officially executed by said agent, for the returning trip." (4) "I will use this ticket for a continuous passage on the returning trip from Atlanta, Ga., on the dates and trains specified on the back hereof, to be filled in by the joint agent at Atlanta per 3d paragraph of this contract." "I hereby agree to sign my name, and otherwise identify myself as the original purchaser of this ticket, whenever called upon to do so by an agent or conductor of the lines named hereon. I fully understand the terms upon which this ticket is issued, and accept the same, and agree that it shall be forfeited unless I comply with all the conditions specified above." On the back of the ticket was the following: "Good only on train leaving Atlanta, Ga., at:.....M.,..........189..., via.........R. R."

After the ticket had been used for passage from Chicago to Atlanta, the plaintiff presented it at the office of the joint agent of the connecting lines at Atlanta, for the purpose of having it validated for the returning trip. The evidence was conflicting as to what occurred at the validating office. According to the plaintiff's testimony, the agent to whom he presented the ticket asked him if he could identify himself. He answered that he could, by his signature. He was then asked if he had any letters addressed to himself. He had none. He signed his name at the proper place on the ticket, and it was then stamped and the signature of the agent placed upon it, and the agent handed it back to him. Just as he did so, and while the plaintiff was holding it, the agent snatched it away from him, thus tearing it in two. The plaintiff demanded the ticket, and after consultation with other persons in the office, the agent erased the stamp and signature which he had placed upon it, pinned the ticket together, and gave it back to the plaintiff who then left the office. The agent gave him no reason for what he did. According to the defendant's evidence, after the ticket had been signed by the plaintiff and the agent's name and stamp put upon it by the clerk in the office, the latter became suspicious that plaintiff was not the original purchaser, and so stated to the chief clerk, who in-

structed him to require identification. The clerk requested the plaintiff to give him identification, but plaintiff declined to give any further identification than his signature. The clerk started to erase the agent's stamp and signature, and as he did so the plaintiff grabbed the ticket and tore off a part of it, the clerk retaining that part on which were the agent's stamp and signature, which he erased, after which he returned it to the plaintiff, stating to him that the ticket would not be honored if presented in that shape, but that if the plaintiff would identify himself they would fix the ticket so that it would be honored. The plaintiff replied that he did not intend to offer any further identification. The validation of the ticket was not complete when the agent's stamp and signature were placed upon it, the blanks for the hour and train on which he was to leave not having been filled. The plaintiff testified that the agent did not ask for additional identification. He knew a number of persons in Atlanta who could have identified him. He made no further effort to identify himself. Subsequently, on the day on which the ticket was returned to him, he boarded defendant's train at Atlanta, and after the train had left the city, on being asked by the conductor for his ticket, presented this ticket. His account of what then happened is substantially as follows: The conductor refused to accept the ticket, because it was mutilated and out of order. He stated to the conductor what occurred at the validating office, and that he proposed to ride on the ticket to Chicago. The conductor said that he could pay fare to Chattanooga, the terminus of the company's line, and could keep the rest of the ticket. Plaintiff declined to pay fare, and refused to leave the train. He did not offer to identify himself otherwise than by his signature. After they had passed different stations at which he had been directed to leave the train, the conductor exhibited some anger, and threatened to throw him off in a swamp, but did not carry out this threat. As they were approaching Plainville, the station at which he was ejected, the conductor came into the car with a negro porter and again demanded that he get off, and told the porter to take his baggage and throw it off; the porter took the bag-

gage, and the conductor got behind him and lifted him up. When they got to the platform the conductor said to the porter, "Throw him off." The negro did not do so, and the conductor said, "Damn it, throw him off." The plaintiff felt a push from behind that might have come from the conductor, and landed on the ground on his feet while the train was still in motion. He ran up the track to where the negro was standing, and got his baggage from him, and the train moved on. He did not know whether it stopped or not. This was at seven or eight o'clock at night. He went to the house of a man at the station, who invited him to stay all night, and on the next morning returned to Atlanta, paying his fare, $2.58. Upon his arrival in Atlanta he put the case in the hands of a lawyer, bought another ticket, and returned on the first train to Chicago, paying $19.00 for his fare back. He was not sure whether the agent at the validating office told him he could not ride on the ticket after the stamp etc. had been erased, but he had reasonable grounds to expect that the conductor would require explanation as to how the ticket came to be in that condition. His business was that of a railroad-ticket broker, or "scalper," and he knew the Southern Railway Co. was strict as to such matters.

According to the defendant's evidence, the conductor refused to accept the ticket because the validating stamp had been erased, and because it had not been properly validated, the time of leaving not having been filled in ; and he told the plaintiff he could not honor it on account of the condition it was in, unless he could identify himself as the original purchaser, which he refused to do. The conductor was not rude to him, but treated him politely, and used as little force as possible in ejecting him. He possibly may have said something to him about putting him off in a swamp, but did not think he did. He did not order the negro to throw the plaintiff off, and did not push him off the steps. The train stopped at the station, and the plaintiff stepped from the platform of the car as passengers do in getting off.

The grounds of the motion for a new trial are, that the verdict is contrary to law and evidence, and is excessive; and that the court erred in refusing to charge:

"If the defendant's agents at Atlanta failed or refused to validate the ticket when presented to be validated, under circumstances which did not authorize or justify such refusal, it was a wrong, or breach of contract or violation of duty, for which plaintiff should have sought his remedy in the courts of Fulton county. This court, the superior court of Gordon county, has no jurisdiction to deal with such alleged failure of duty on the part of the defendant's agents.

"The question in this case is, was the ticket, when presented to the conductor, in such condition as to entitle the plaintiff to ride upon it, under the terms of the contract signed by the plaintiff. He admits that he signed the contract and knew its terms and conditions. If he did not present his ticket in such condition as entitled him to ride upon it from Atlanta to Chattanooga, and refused to pay his fare, and refused to leave the train when requested to do so, the conductor had the right to eject him from the train and to use only such force as was necessary for that purpose.

"If the plaintiff boarded the train, knowing that his ticket was in such condition that the conductor would not accept it, or if he had reason to suspect that the conductor would not, in the proper discharge of his duty, accept the ticket, or if he had been informed by the defendant's agents in Atlanta that the ticket would not be honored or accepted, then, in either of these cases he could not recover for being ejected from the train, unless unnecessary violence had been used by the defendant's agents in charge of the train, and plaintiff was injured by such unnecessary violence.

"If the conductor offered to let plaintiff retain his ticket, and required him to pay his fare only to Chattanooga, giving him a chance to use the coupons, if he could, over the other lines of railroad on his journey beyond Chattanooga, then he could only recover the amount of fare he paid from Atlanta to Chattanooga. Even if his ticket, in the condition presented, was validated, plaintiff had no right by his conduct to raise a claim for damages, but if the conductor acted in good faith, plaintiff would be bound to pursue such course as would be least damaging to defendant.

"If plaintiff could have pursued his journey on the ticket in

the condition it was, on beyond Chattanooga, he can not recover for his fare in returning to Atlanta, and for what it cost him to purchase another ticket to Chicago. He should, at least, have made the effort to use his ticket beyond Chattanooga.

"The contract as contained in the ticket in evidence entitled the validating agent to call for evidence of plaintiff's identity; and if the plaintiff was able to identify himself in Atlanta, but peremptorily refused to do so, or to make an effort to that end beyond what his signature afforded, then the plaintiff was guilty of a breach of his contract, and can not recover anything in this case.

"If the plaintiff, at the time he entered upon the defendant's train at Atlanta, knew or had good or reasonable grounds to believe that the ticket had not been fully validated in accordance with the contract as contained in the ticket and signed by him, or that for any reason it was not in such condition as would entitle him to be passed over the lines of railroad therein specified, then the plaintiff had no right to enter upon the train for the purpose of claiming to be passed under that ticket, and has no right now to recover any damages on account of his expulsion from the train by the conductor, provided the conductor used no more force than was reasonably necessary for the purpose of such expulsion."

Also, that the court erred in charging: "What evidence, if any, did this plaintiff furnish to the company or its agents in Atlanta as identification? Was it reasonable and satisfactory, or did they capriciously refuse to validate his ticket? If you find that they did, after having reasonable evidence, why then the company would be liable for any acts of its agents. If, on the other hand, you find that he did not furnish them reasonable evidence as to his identification when called upon to do so, and that the agents, for that reason, declined or omitted and refused to validate his ticket, and he sought to use it and did use it, and was ejected or was expelled from the train, then and in that event the plaintiff would not be entitled to a recovery." The court here makes the right to recover turn upon the reasonableness of the identification.

"The plaintiff, as holder of the ticket, agreed to present the

ticket to the agents of the railroad company to have the ticket validated; he binds himself to identify himself to the company as the original purchaser of the ticket, either by his signature or otherwise, whenever called upon by the agent of the company or by any of its conductors." The error here is, that the instruction makes either method of identification sufficient, whereas the contract provides that the signature *and* other identification must be furnished. ·

*Shumate & Maddox*, for plaintiff in error.
*John L. Travis* and *R. J. & J. McCamy*, contra.

COBB, J. ˙ According to the principle laid down in the case of *Head* v. *Georgia Pacific Railway Company*, 79 *Ga.* 358, which decision was, after review, approved and followed in the case of *Morse* v. *Southern Railway Company*, this term, the plaintiff, under the facts as found by the jury, was entitled to recover. An examination of the record fails to disclose any material error committed during the progress of the trial, and as the verdict was reasonable in amount, there is no cause for reversing the decision of the trial judge in refusing ·to grant a new trial.        *Judgment affirmed.    All the Justices concurring.*

LUMPKIN, P. J., concurring specially. ˙I concur solely for the reason stated in the special note made by myself in the *Morse* case, supra, viz.: I am bound by the decision in the *Head* case, which the majority hold is sound. In my humble judgment, it is not. My views upon the question at issue appear in the concurring opinion which I have filed,.in *Morse's* case.