214.  MOORE *v.* CENTRAL OF GEORGIA RAILWAY CO.

1. The forcible expulsion of a passenger from a railway train, where he presents the conductor a ticket from which coupons have been improperly detached by another conductor of the company on an earlier portion of the passage, is a tort by breach of duty for which the passenger is entitled to recover any damage he may have sustained, as determined by the jury from the evidence; and it is error to award a nonsuit where the plaintiff has proved such case, as laid in the petition.

2. Whether a case shall be opened after a motion to nonsuit has been made, is in the discretion of the trial court; and where (as in this case) the trial judge did not in terms refuse to open the case as a matter of discretion, his consent to open the case is implied.

3. As a general rule (subject to exceptions for privilege), where it is shown that a paper which would be evidence material to the issue is in the court, it is the duty of the judge to require the production of such documentary evidence instanter. And it is the duty of the court, where the alleged holder of such paper is there present, to grant a proper request for an investigation to determine whether such paper is in fact in court, and whether its production shall be required.

4. A railroad ticket is evidence of the purchaser's right to ride a certain distance. When honestly obtained by purchase and payment therefor, it is the property of the purchaser. It is his property until delivered by him in exchange for transportation. If it be a coupon ticket and any of the coupons be negligently, improperly, or wrongfully detached by the carrier, the purchaser has, none the less, a property right in such detached coupon, for purposes of evidence.

Action for damages, from city court of Atlanta—Judge Reid. January 21, 1906.

Argued March 25,—Decided March 28, 1907.

*Edgar Latham*, for plaintiff.

*Dorsey, Brewster, Howell & Heyman*, for defendant.

RUSSELL, J.  The plaintiff was nonsuited, and he excepted. He objects to the process of legal mechanics by which his case was chopped off. As this mechanical treatment can only be applied

in a case so clear as to leave it beyond question that the plaintiff has nothing which it would be to his advantage to submit to the jury, and as the plaintiff in this case had proved the allegations of his petition, the question before us really becomes one as to whether the plaintiff selected the proper form of action; that is, whether he should have sued, as he did, because he was ejected from the train, or whether he should have based his cause of action (if he has any) on the wrongful tearing of his ticket. We think the plaintiff's case is controlled by the decision in *Head* v. *Ga. Pacific R. Co., 79 Ga.* 358. Counsel for the defendant insists that the plaintiff did not present a complete ticket to the conductor; that what he did present was a part of a contract which was absolutely worthless without the ticket part of the same attached thereto. It is a further contention of the defendant in error that in the *Head* case, in *Morse* v. *Southern Ry. Co.,* 102 *Ga.* 302, and in *Southern Ry. Co.* v. *McKenzie,* 102 *Ga.* 313, and other similar cases, the plaintiff, in each case, had a ticket and made an effort to comply fully with the requirements of the railroad company. We can see no real difference between those cases and the present case. In the *Head* case, as in this, the plaintiff did not have a ticket, in the strict sense of that term. It lacked validation; and this lack of validation, according to one of the express stipulations of the contract, voided it, so far as return passage was concerned. In this case the plaintiff had a ticket, but the coupon was detached, without any fault on his part. If he had objected to the conductor detaching the return coupon (instead, as appears from the evidence, of ignorantly and passively submitting), he would have been powerless to prevent the detaching of the coupon, and impotent to restore it. As in the *Head* case, he complied fully with the requirements of the railroad company. He paid for his ticket, presented it to the conductor, and had the right to rely upon the fact that the company, which had sold him the ticket, would not destroy it. A corporation can only act through its agents; and so one hand of this being presented him the ticket, while the other hand repudiated and destroyed it. The only difference that we can see between the *Head* case and the present case is that in the *Head* case the conductor was bound, at his peril, to consider proof of identity of person. The present case relies on proof of identity of place of destination. In the *Head* case the conductor, acting

in behalf of the company, would have had the perfect right to eject the passenger if he had not been the person mentioned in the ticket and who originally purchased it; but the company, having sold the ticket, acted at its peril; and if it ejected the purchaser, whose ticket, through no fault of his, was not validated, the company became liable. In the present case the plaintiff had a ticket, or a portion of a ticket, which he tendered the conductor, which showed that it was valid, except that it did not designate the place of destination. The company, having sold the ticket, is presumed to know the place of destination. If the holder of the ticket states the wrong place of destination, the company has the right to eject him, after carrying him to the proper place of destination. But it acts at its peril if it disregards its own contract and excludes the passenger short of the point where it has agreed to carry him. The principle underlying the decision in the *Head* case is that the corporation is responsible for the acts of its agents; not of one only, but of all with whom the opposite party to the contract is obliged to deal until the contract has been fully executed; and the same principle is controlling in this case. It is not a question of the conductor's hearing evidence, and passing upon it, as to whether the holder of an unvalidated ticket was the true purchaser, or whether the holder of a contract with the return coupon detached was entitled to ride to Hampton or to Savannah, Ga., but in both cases the identical person (artificial) who sold the ticket and made the contract must be presumed to know its contents, and be held to carry them out. We think, therefore, the award of a nonsuit in this case was erroneous.

The second exception is taken to the refusal of the court to allow a witness to be placed upon the stand for the purpose of proving that the coupon which had been detached was in his possession and in the court. As a general rule, where it is shown that a paper which is material to the issue is in the court, it is the duty of the judge to require the production of such documentary evidence instanter. But this rule is subject to exceptions. For instance, if the paper in question is in the possession of counsel for one of the parties, the court in some cases may not require him to discover it, but may require the client to obtain it from his counsel and disclose it to the court. On the other hand, there is a difference dependent on the character of the possession. Where a paper

which has been surreptitiously obtained is not material to the cause or defense of one's client, and is material to the interest of the opposite party, not only good law but good morals require the instant production of such a paper, when it is shown to be in court. As to parties other than counsel, the trial judge, when the paper is in court, and therefore within his power, should, if its contents be competent evidence, require its production forthwith. We are unable to judge from the record in this case whether the witness, Mr. Erwin, was or was not of counsel. However, this may be, we think it was the duty of the court to grant the request of the plaintiff for an investigation, which would have developed whether or not the paper was in court, and thus within the power of the judge, provided Mr. Erwin was not of counsel, or even if he were of counsel. The detached coupon was the property of the plaintiff, which had been wrongfully taken from his possession by the defendant and continuously wrongfully withheld. The plaintiff paid his money for a contract of carriage evidenced by the return coupon. It was as much evidence of his right to ride as a deed is evidence of one's right to possession of the land therein described. For that reason, regardless of the effect of this evidence on the defendant's case, and whether the witness offered by the plaintiff was an attorney for the defendant or not, we think good law, and certainly good morals, would demand its instant delivery to the party to whom it belonged. The railway company, through its conductor, forcibly took this coupon from the plaintiff. It should not be allowed to keep it through any other of its agents. *Trustees of Chester Church* v. *Blount,* 70 *Ga.* 782; *Morgan* v. *Taylor,* 55 *Ga.* 223 (3).

*Judgment reversed.*