TENNEY *v.* ARNOLD, A MINOR.

(Decided February 15, 1929.)

*Messrs. Smoyer & Smoyer,* for plaintiff in error. *Messrs. Grant, Thomas & Buckingham,* for defendant in error.

WASHBURN, J. The parties will be referred to as they were in the common pleas court.

The plaintiff, Jean Arnold, a minor, brought her action by her next friend to recover damages for injuries, which she claimed were caused by the negligence of the defendant, Sidney Tenney, in the operation of his automobile upon one of the streets of the city of Akron. The trial resulted in a verdict and judgment for plaintiff.

During the trial, the plaintiff called the defendant for cross-examination, and by such examination developed the fact that soon after the accident the defendant signed a statement or report setting forth how the accident happened and what he did at the time, and delivered the same to a third party, and that he had a copy of such statement, which was among his attorney's papers on the trial table. That examination developed the further fact that said statement probably contained evidence competent to be introduced on the issues of the case, and that the original could not be obtained.

The trial judge, at the request of counsel for plaintiff, ordered that such statement be produced and turned over to counsel for plaintiff, and it was later introduced in evidence to impeach defendant and prove admissions made by him. Timely objections were made by the defendant to the order of the court to produce said statement and deliver same to counsel for plaintiff, and also to the introduction of it in evidence, and exceptions were duly taken to said rulings of the court.

For reasons which we think are sufficient we will not attempt a full statement of the facts and matters involved, nor a discussion of them in detail, but will simply state our conclusions.

By the great weight of authority it is established that when, during the trial of a case, a witness, while testifying, admits that he has in his possession, or under his control, in court, a written instrument, which it is claimed contains competent evidence material to the issues, it is the duty of the court, upon request of counsel, to require the production of such writing, and, if upon examination by the court it is determined that the writing contains evidence material to the issues, which evidence is not privileged, and is otherwise competent to be introduced, the writing should be delivered to counsel requesting it, for such use at the trial as the court may deem proper.

Under the circumstances indicated, it is immaterial that no subpoena *duces tecum* had been issued to produce the document; nor is it necessary that any notice be served to produce the same, or that the procedure set forth in Section 11551 or 11552, General Code, be followed.

Since the enactment of the law which is now Section 11497, General Code, which provides that, ''at the instance of the adverse party, a party may be examined as if under cross-examination, either orally, or by deposition, like any other witness,'' the foregoing rule applies to a *party* to the suit the same as any other witness.

Some of the authorities which justify these conclusions are as follows: *Banks* v. *Conn. Ry. & Lighting Co.,* 79 Conn., 116, 64 A., 14; *Freel* v. *Market St.*

*Cable Ry. Co.*, 97 Cal., 40, 31 P., 730; *Boatright* v. *Heirs of Porter*, 32 Ga., 130, at page 141; *Boynton* v. *Boynton*, 16 Abb. Prac. (N. Y.), 87; *Moore* v. *Central of Georgia Ry. Co.*, 1 Ga. App., 514, 58 S. E., 63; *Field* v. *Zemansky*, 9 Ill. App., 479; *Rylee* v. *Bank of Statham*, 7 Ga. App., 489, 67 S. E., 383; *Hunton* v. *Hertz & Hosbach Co.*, 118 Mich., 475, 76 N. W., 1041.

If the writing so obtained is desired to be used for the purpose of impeaching a witness, the writing, or such part thereof as tends to impeach the witness, may be introduced in evidence; and, if the writing contains other matter which is incompetent and prejudicial to the rights of the adverse party, the court should protect the rights of the adverse party by concealing such matter from the jury, or by appropriate and effective instruction. Of course, if the witness is the adverse party, and the writing contains admissions made by him which are pertinent to the issues, the writing may likewise be used for the purpose of proving such admissions.

In this case we find that the trial court was justified in ordering the production of the writing, and that, in view of the whole record, there was no prejudicial error in the use made thereof.

It is claimed, however, that the writing in question contained information to the effect that the defendant was protected by liability insurance, and that his interests were not properly protected by the court.

As to this claim, we do not find that the statement contained the objectionable matter claimed and there is nothing in the record to indicate that counsel for the plaintiff was attempting to get before the jury any information in reference to

liability insurance. As we read the record, he merely sought, in good faith and in a proper manner, that which he was entitled to; and, moreover, the record does not disclose that the adverse party made any request that any particular part of said claimed objectionable writing be concealed from the jury, or that the court was asked to instruct the jury in reference thereto.

It is claimed that the trial court committed error by refusing to give defendant's request No. 7.

That request embraced two propositions, one of which was fully covered by two other requests made by defendant, which were given by the court, and said request No. 7 was rightfully refused as a whole because it contained a statement that "the statutes of this state impose upon pedestrians the duty of crossing streets and highways at regular crossings only," and that a violation of said statutes "constitutes negligence *per se,* or negligence in and of itself." We are not aware of any statute of the state which imposes such duty upon pedestrians. .

We do not find that there was prejudicial error by reason of the claimed failure of the court to properly define the issues in the general charge of the court; nor do we find,any prejudicial error in that part of the charge relating to contributory negligence of the plaintiff, who was a child three years of age; nor in any other respect.

*Judgment affirmed.*

Funk, P. J., and Pardee, J., concur.