HIRAM E. WOOSTER & others *vs.* WILLIAM TARR & another.

The shipper named in a bill of lading is liable to the carrier for the freight, although he does not own the goods, and the carrier has waived his lien thereon.

CONTRACT to recover for the carriage of mackerel from Halifax to Boston.

It was agreed in the superior court that the defendants shipped the mackerel at Halifax, upon a vessel of which the

plaintiffs were part owners, said Wooster being master, under a bill of lading in the usual form, to be delivered at Boston " unto Messrs. R. A. Howes & Co. or to their assigns, he or they pay-ing freight for said goods," &c. On the arrival of the vessel at Boston, Wooster was informed by Howes & Co. that the mack-erel had been sold " to arrive," to a person to whom they requested him to deliver them. The mackerel were accordingly delivered, and payment demanded of Howes & Co., but refused. Howes & Co. were then and still are insolvent. The mackerel, at the time of their delivery on board the vessel, had been purchased and paid for by the defendants for and on account of Howes & Co., at whose risk they were after shipment; but this fact was unknown to the plaintiffs. The mackerel were entered at the custom-house in Halifax in the name of the defendants.

Upon these facts judgment was rendered for the plaintiffs, and the defendants appealed to this court.

*T. H. Russell,* for the defendants.

*H. C. Hutchins,* for the plaintiffs.

BIGELOW, C. J. The question raised in this case is very fully discussed in *Blanchard* v. *Page,* 8 Gray, 281, 286, 290–295. It is there stated to be the settled doctrine that a bill of lading is a written simple contract between a shipper of goods and the ship-owner; the latter to carry the goods, and the former to pay the stipulated compensation when the service is performed. Of the correctness of this statement there can be no doubt. The shipper or consignor, whether the owner of the goods shipped or not, is the party with whom the owner or master enters into the contract of affreightment. It is he that makes the bailment of the goods to be carried, and, as the bailor, he is liable for the compensation to be paid therefor. The *dictum* of Bayley, J., in *Moorsom* v. *Kymer,* 2 M. & S. 318, subsequently repeated by Lord Tenterden in *Drew* v. *Bird,* Mood. & Malk. 156, that in the absence of an express contract by the shipper to pay freight, when the goods are by the bill of lading to be delivered on payment of freight by the consignee, no recourse can be had for the price of the carriage to the shipper, has been distinctly repudiated, and cannot be regarded as a correct statement of

the law. *Sanders* v. *Van Zeller*, 4 Q. B. 260, 284. Maclachlan on Shipping, 426.

It is contended, on the part of the defendants, that the omission of the master to collect the freight of the consignees of the cargo or their assigns, under the circumstances stated, was a breach of good faith towards the shippers, which operates as an estoppel on him and the other owners of the vessel, whose agent he was, to demand the freight money of the defendants. But there are no facts on which to found an allegation of bad faith against the master. He did no act contrary to his contract or inconsistent with his duty towards the shippers. It is true that he omitted to enforce his lien on the cargo for the freight, by delivering it without insisting on payment thereof by the consignees. This was no violation of any obligation which he had assumed towards the defendants as shippers of the cargo. A master is not bound at his peril to enforce payment of freight from the consignees. The usual clause in bills of lading, that the cargo is to be delivered to the person named or his assignees, " he or they paying freight," is only inserted as a recognition or assertion of the right of the master to retain the goods carried until his lien is satisfied by payment of the freight, but it imposes no obligation on him to insist on payment before delivery of the cargo. If he sees fit to waive his right of lien and to deliver the goods without payment of the freight, his right to resort to the shipper for compensation still remains. *Shepard* v. *De Bernales*, 13 East, 565. *Domett* v. *Beckford*, 5 B. & Ad. 521, 525. *Christy* v. *Row*, 1 Taunt. 300. Although the receipt of the cargo under a bill of lading in the usual form is evidence from which a contract to pay the freight money to the master or owner may be inferred, this is only a cumulative or additional remedy, which does not take away or impair the right to resort to the shipper on the original contract of bailment for the compensation due for the carriage of the goods.

*Judgment for the plaintiffs.*