J. W. LATHROP & COMPANY, plaintiff in error, *vs.* BEVERLY C. MITCHELL, defendant in error.

(MONTGOMERY, Judge, was providentially prevented from presiding in this case.)

When in a suit on the indorsement of a promissory note, the defendant pleaded that he had given to the agent of the plaintiff notice to sue the note, and that suit had not been brought within three months, and it became necessary for the defendant to go into the contents of the written notice :

*Held,* That application to the agent and a denial by him of the custody of the paper is not sufficient to allow parol evidence of such contents. *Prima facie* the agent is presumed to have sent the paper to his principal, and he being the plaintiff, was entitled to notice to produce it.

Secondary evidence. Production of paper. Before Judge CLARK. Sumter Superior Court. October Term, 1872.

Lathrop & Company *vs.* Mitchell.

J. W. Lathrop & Company brought complaint against Beverly C. Mitchell, as indorser upon a promissory note made by James G. M. Ball, on January 7th, 1860, due on December 25th next thereafter, payable to B. C. Mitchell or bearer, for $348 00.

The defendant pleaded that in the year 1866 he served F. M. Coker, the agent of plaintiffs, and who then had the note sued on in his hands for collection, with a written notice to proceed to collect said note out of the principal within three months after the date of said notice, or to institute suit thereupon, and that he mailed at the same time a similar written notice to the plaintiffs. That the plaintiffs had failed to proceed against the maker of said note within the three months, and that thereby the defendant was discharged from liability on the same.

In the course of the trial, the defendant testified that in June, 1866, he went to Francis M. Coker, then the agent of the plaintiffs, having the note sued on in his possession, and delivered to him a written notice to sue the principal debtor.

Counsel for plaintiffs objected to any parol evidence of the contents of said notice, the same appearing to have been in writing.

The defendant, for the purpose of laying the foundation for said secondary evidence, then stated that since the institution of this suit he went to said Coker and called his attention to said notice, but he replied that he had no recollection of having had such notice, or anything about it.

Willis A. Hawkins, Esquire, the defendant's attorney, stated that since suit had been commenced he went to the office of said Coker and inquired about said notice; that Coker replied that he had no recollection whatever of said notice; that at his request Coker searched in his office for said notice, but could not find the same.

It was admitted that no notice to produce said written notice to sue had been served upon the plaintiffs, or their counsel, or on said Coker.

The Court then, over the objection of counsel for plaintiffs,

Kendrick *vs.* Ravens.

allowed said defendant to testify as to the contents of said notice, and plaintiffs excepted.

The jury returned a verdict for the defendant. The plaintiffs assign error upon the aforesaid ground of exception.

C. T. GOODE, for plaintiffs in error.

W. A. HAWKINS, for defendant.

McCAY, Judge.

We do not go into the evidence educed on the trial on either side, in this case. The date of the notice and its contents were material, and it was the right of the plaintiff to insist that the original should be produced. Was the foundation laid for the parol proof? If the notice was given to Coker, the agent, the presumption is that he transmitted it to the principal, and search for it *now* by Coker, or inquiry of him, does not exhaust the duty to search further. Notice to the plaintiff would be the proper mode. If notice to sue was sent him by Mitchell, or by Coker, it is a fair presumption that he has it, and, on notice, will produce it. The law requires all the proper custodians of a paper to be inquired of before parol evidence of its contents are allowed.

We think a new trial ought to be granted on this ground. The inquiry of Coker so long after the transaction is not enough. The presumption is that plaintiff has the paper, and he was entitled to notice to produce it before parol evidence was admissible.

Judgment reversed.

(MONTGOMERY, Judge, was providentially prevented from presiding in this case.)