H. S. Dover *et al.,* plaintiffs in error, *vs.* David Harrell, executor, defendant in error.

1. The court has no power to compel the counsel of one of the parties to disclose on oath, in spite of his claim of privilege, that he has

in court one of his client's title papers, and to produce it to be used in the suit as evidence for the opposite party; especially where notice to produce has not been previously given.

2. New trial should be granted for such an invasion of privilege, though it be the sole error. The statutory privileges of counsel are conferred for the benefit of their clients, and are sacred.

Attorney and Client. Witness. Production of Papers. Evidence. Before Judge McCutchen. Gordon Superior Court. March Term, 1876.

This was ejectment by Harrell, as executor of Jesse Harrell, against Dover *et al.*, for a lot of land in Gordon county. In the course of the trial, counsel for plaintiff asked permission of the court to examine Reuben Arnold, Esq., of counsel for defendants, as to what papers or deeds he had in his possession. Mr. Arnold objected to such examination, and claimed the protection of the privilege which the relation of attorney and client created. The court ordered that the examination proceed.

Mr. Arnold then stated that his client had confided to him certain papers from which to prepare his defense, amongst which was the original grant to the lot in dispute, conveying the same to the plaintiff's testator.

The court, on motion, ordered that he produce this paper and deliver it to plaintiff's counsel. The order was complied with, and the grant introduced in evidence by the plaintiff.

To this entire proceeding defendants excepted.

A verdict was returned for the plaintiff. The defendants moved for a new trial, basing their motion, among other grounds, upon the above exception.

The motion was overruled, and the case brought here for review.

Arnold & Arnold; W. S. Johnson, for plaintiffs in error.

J. A. W. Johnson, by A. Johnson, for defendant.

BLECKLEY, Judge.

1. Under sections 3798 and 3854 of the Code, the attorney of one of the parties in the case on trial, is protected from being coerced by the court to disclose, on oath, that he has in his possession a grant from the state covering the land in dispute, and from producing the grant to be used in evidence against his client, he testifying that the grant was placed in his possession by his client, and claiming his privilege. More especially has the court no power thus to search the attorney where no notice has been given, either to him or the client, to produce the paper, and where the presence of the paper in court is not brought to the court's knowledge, except by the compulsory disclosure made by the attorney.

2. Although no other error was committed on the trial, a new trial should be granted for the above invasion of privilege, the statutory privileges of counsel being sacred, the same being granted for the benefit of suitors, and in aid of the administration of justice. In preparing for trial and conducting cases in court, counsel have a right to repose, with absolute security, upon the protection which the law affords them as repositories of their clients' secrets, and custodians of their clients' papers.

Judgment reversed.