### CRAWFORD *vs.* HODGE.

Where, as in a written notice to sue, there is but a feeble presumption that a paper has been preserved, the defendant may introduce parol evidence of its contents, after proving that the plaintiff, on inquiry for it pending the suit, answered that it was lost, that she had made diligent search for it, that she believed it destroyed, but that she was bound by it. If her attorney in reply testify that the document has since been found, but he declines to produce it, the court should either admit the secondary evidence, or grant a motion made by the defendant to continue the case on the ground of surprise. The latter would be the better course.

December 12, 1888.

Notice. Evidence. Practice. Continuance. Before Judge FAIN. Bartow superior court. July term, 1887.

Reported in the decision.

M. R. STANSELL and S. ATTAWAY, for plaintiff in error.

J. M. NEEL and A. M. FOUTE, *contra.*

BLECKLEY, Chief Justice.

It is true that a notice in writing to sue, which a surety has given to the creditor, is the best evidence of its own contents, and notice to produce it at the trial ought to be given as preliminary to the introducton of secondary evidence. This is the general rule. *Frank vs. Longstreet,* 44 *Ga.* 178; *Lathrop vs. Mitchell,* 47 *Ga.* 610. But there is only a feeble presumption that such a paper has been preserved by the creditor, and when that presumption has been overcome by the creditor's declarations that the document is lost, that after diligent search it could not be found, that she believes it to have been destroyed, and that nevertheless she is bound by it, the probability that giving her notice to produce it would accomplish anything is too remote to leave it incumbent upon the surety to give such notice. In the present case, these declarations were made in answer to an inquiry by the surety and his attorney. They were proved at the trial, and though they were made several months before, and though it was possible that the lost paper might be found in the interval, we think, had there been no evidence in reply showing it was found, the secondary evidence offered to prove the contents of the notice would have been admissible. Was it rendered inadmissible by the fact, not previously known to the surety or his attorney, that the lost document had been found? If so, the application for a continuance on the ground of surprise ought to have been granted, for one of the plaintiff's attorneys, the then custodian

of the paper, as we infer from his testimony, claimed his privilege and declined to produce it. We have no doubt that the court should either have granted the continuance, or proceeded with the trial as though the paper were still·lost, to the extent of admitting parol evidence of its contents. That it had been found did not put it in the defendant's power for that trial. It was still as much beyond his power as if it had remained lost. And the admission of the secondary evidence could not possibly have done injustice to the plaintiff, for any misrepresentation, designed or undesigned, of the contents of the notice could instantly have been corrected by putting the notice itself in evidence. There was no intimation that the document was not actually present in court. On the contrary, as we have said, the inference from the testimony·is that it was there in the possession of one of the attorneys. The better disposition of the case, however, would have been to grant the continuance, and afford opportunity to compel production of the paper by regular notice. Chester Church vs. Blount, 70 Ga. 779.

The motion for a new trial was improperly denied.

Judgment reversed.