4139. ATLANTIC COAST LINE RAILROAD CO. *v.* HILL.

1. The court properly construed the action as one to recover damages for the carrier's breach of public duty in failing to deliver in good condition a shipment which it had received as in good condition from a connecting carrier. Thus construed, the jurisdiction of the court is manifest, because the petition alleged that the defendant is a foreign railway corporation having an office, agent, and place of business in the county.

(*a*) The appropriate court of the county where delivery is or should be made by the last connecting carrier has jurisdiction of an action brought under section 2752 of the Civil Code (1910).

(*b*) The fact that one who claims damages from the last of several connecting carriers, under section 2752 of the Civil Code, alleges a failure on the part of the defendant carrier to comply with his requirement to trace a shipment under the terms of section 2771 of the Civil Code, does not necessarily render the petition duplicitous. The allegations as to the failure of the carrier to comply with the "tracing act," if no claim for damages is based upon this failure, may be treated as harmless surplusage.

2. The notice to produce having been perfected by proof which fulfilled the requirements of section 5842 of the Civil Code, the court did not err in refusing to strike the notice.

3. The trial court has the power to require, and should require, the production of any pertinent documentary evidence which may illustrate the issue, and which is within the power or custody of any person then personally in court, except where the disclosure is prevented by privilege; and inasmuch as the defendant's counsel did not expressly claim or otherwise insist upon his privilege, the ruling requiring him to produce certain papers mentioned in the notice to produce was not erroneous. Even if some of the papers sought by the notice to produce were inadmissible, the error is harmless, because, after the papers were produced, the court did not permit the introduction of any writing except original papers.

4. The fact that the last of several connecting carriers is requested to trace a shipment which was received from it in a damaged condition, so as to locate the damage, and fails or refuses to do so, although ample opportunity has been allowed for that purpose, may be a pertinent circumstance to indicate that the injury was occasioned by or upon the line of the defendant.

5. The statements of a bill of lading as to the articles received by the carrier are not conclusive upon the shipper. A bill of lading partakes of the nature of receipt, and is prima facie evidence only that the articles alleged to have been received by the carrier were in fact received; and the holder of the bill of lading may show, if he can, that the bill of lading does not evidence the acceptance of all the articles that were delivered to the carrier.

6. A witness may, for the purpose of refreshing his recollection, use any memoranda useful for that purpose; and his testimony will not be objectionable if it is not dependent upon the memoranda, but is based upon the memory of the witness, even though the memoranda may be necessary in order to refresh his recollection.

7. Where a defendant fails to produce a writing which he has been notified to produce, secondary evidence of its contents is admissible, upon proof of service of the notice to produce and failure to respond thereto.

8. The court did not err in admitting the original notice to trace, served upon the defendant, although the action is one against the last of several connecting carriers; for, while the plaintiff was not required to prove that fact, the admission of evidence to that effect, in an action against the last of one or more connecting carriers, can not be held to be erroneous, when it is shown that the connecting carrier received a shipment in good order and delivered it in bad order.

9. The court properly construed the petition, and the evidence was sufficient to sustain the allegations of the petition, construed as a suit against the last connecting carrier.

10. The exceptions to the refusal of the trial judge to instruct the jury as requested were properly overruled, since the request was for instructions on four different subjects, presented together, and one of them at least contained an incorrect statement of law. The judge is not required to perfect instructions which are requested, and where a request is presented which embodies or contains instructions upon more than one distinct subject, and the proposed instructions are presented en masse, it is not error to decline to give any of the instructions, if any of them are incorrect.

11. The evidence authorized the verdict, and it was not error to refuse to grant a new trial.

DECIDED FEBRUARY 24, 1913.

Action for damages; from city court of Nashville—W. G. Harrison, judge pro hac vice. February 18, 1911.

*Bennet & Branch, Hendricks & Christian,* for plaintiff in error.

*Knight, Chastain & Gaskins, J. H. Price,* contra.

RUSSELL, J. Hill brought an action in the city court of Nashville against the Atlantic Coast Line Railroad Company to recover for damage to a lot of household goods and furniture which he alleged he, as consignee, had received from this carrier at destination in a damaged condition. The jury returned a verdict in favor of the plaintiff, and the defendant excepts to the overruling of its demurrers, the refusal to strike a notice to produce certain papers which had been served upon the defendant, and the overruling of its motion for a new trial.

1. There was no error in overruling the demurrer. The points most strongly urged by the demurrer are that it appears from the petition that the court was without jurisdiction, and that the complaint is duplicitous, in that it was at the same time a suit under section 2752 of the Civil Code of 1910 (Civil Code of 1895, § 2298) against the last of several connecting carriers, and also under the provisions of section 2771 of the Civil Code of 1910

(Civil Code of 1895, § 2317) because of the carrier's failure to trace the origin of the damage, as required by law. We think the court properly construed the action as one sounding in tort and seeking to recover damages for the carrier's breach of its public duty to deliver in good condition a shipment which it had received as in like condition from a connecting carrier. Thus construed, the jurisdiction of the court to deal with the complaint is manifest, because it is alleged that the defendant is a foreign railway corporation having an office, agent, and place of business in the county of Berrien. See *Cincinnati &c. Ry. Co.* v. *Pless,* 3 *Ga. App.* 400 (60 S. E. 8).

From the allegations of the third paragraph of the petition, that "defendant was the last of several connecting roads over which said shipment was transported, . . and defendant received the goods as above set forth, as in good order, from its connecting road," it is evident that it is sought to maintain the action under the provisions of section 2752 of the Civil Code of 1910, and that the allegations of the fifth paragraph, to the effect that the defendant had failed to trace the shipment under the requirements of section 2771 of the Civil Code, may be treated as a mere part of the history of the case, and a needless reference to the circumstances by which the plaintiff intended to show that the goods were in fact received by the last connecting carrier in good order. This view of the petition (even applying the general rule that pleadings are to be most strongly construed against the pleader) is confirmed by the fact that at the conclusion of paragraph 4, damages are predicated upon the allegations of the preceding paragraph, and no damages are alleged to have resulted by reason of the failure of the defendant to comply with the notice prescribed by section 2771, to which reference is made in paragraph 5.

To state briefly the two propositions which are involved: (1) An action for damages against a foreign corporation may be brought in a proper court in any county of the State where it has an office, agent, or place of business, so that service may be perfected; and of an action brought under § 2752 the appropriate courts of the county where the delivery is, or should be, made by the last of the connecting carriers have jurisdiction. (2) Where one, in claiming damages from the last of several connecting carriers for damage to a shipment delivered him in bad condition

by the carrier, alleges a failure on the part of the defendant carrier to comply with the "tracing act," but asks no damages dependent upon this breach of public duty, the petition is not rendered duplicitous by the allegations as to the failure of the carrier to comply with the "tracing act." They may be stricken upon special demurrer as irrelevant or immaterial, or may be treated (as they were by the court in the present instance) as harmless surplusage.

The remaining grounds of the demurrer are plainly without merit, except that we think that the defendant was entitled to be more specifically informed as to the nature and extent of the injury to the several articles enumerated, in order to enable him to properly prepare his defense. But inasmuch as the evidence that these several articles were practically ruined and destroyed was undisputed, the evidence does not seem to have been prejudicial or to warrant the grant of a new trial. If the injury to the furniture was not as great as was testified to, it was within the power of the defendant, by producing its agent who delivered the furniture, to shed at least some light upon their true condition, at variance with the plaintiff's testimony upon this subject.

2. The defendant excepted pendente lite to the rulings of the trial judge upon a notice to produce which the plaintiff had caused to be served upon the defendant's counsel. The notice to produce was signed, but was not sworn to by the plaintiff or his counsel, and upon that ground, and for the reason that there was no statement that the papers required by the notice were in existence or in the custody or control of the defendant, as well as upon the ground that the notice was otherwise defective, the defendant moved to strike and dismiss it. In certifying the exception to his ruling upon the motion to strike the notice to produce, the court states that when the motion to strike the notice was made, counsel for the plaintiff arose and stated in his place the facts required under section 5842 of the Civil Code of 1910, and thereupon the court held the notice good. We think this ruling was a proper disposition of the motion to strike, which was in effect a general demurrer; and the other special objections to the notice were not meritorious.

Exception is also taken to the court's ruling in passing a peremptory order requiring counsel, upon whom the notice to produce had been served, to produce such papers as he had of those included

in the notice to produce. From the certificate of the trial judge it appears that after the court's refusal to strike the notice, one of the counsel for the defendant refused to state whether or not the papers mentioned in the notice were in his possession or control, either in his office or elsewhere, and thereupon the court peremptorily required the said counsel to produce these papers within a reasonable time. It appears that the peremptory order was passed at the morning session of the court, but counsel was not required to produce the papers until the afternoon session. We find no error in this ruling. The court had the right to assume from counsel's refusal to respond to the notice and deny the custody and control of the papers if he did not have them, that they were in his custody or control, and, as was ruled in *Moore* v. *Central Ry. Co.,* 1 *Ga. App.* 514 (58 S. E. 63), the trial court has the power and should require the production of any pertinent documentary evidence which may illustrate the issue, and which it is within the power of any person then personally in court to produce. The trial judge certifies that after a recess the papers were produced, and so it is questionable whether the exception can be considered at all. One who accedes to a ruling of the court will not thereafter be heard to complain of it. But aside from this, inasmuch as the counsel did not expressly claim or otherwise insist upon his privilege, the ruling was not erroneous, but was fully in accordance with the rulings of the Supreme Court in *Trustees of Chester Church* v. *Blount,* 70 *Ga.* 782, and *Daniel* v. *State,* 55 *Ga.* 223; and the court certifies that none of the papers which were copies were introduced in evidence, though secondary evidence of their contents was permitted.

3, 4. In the motion for a new trial it is assigned as error that the court required the production of the original notice to trace the lost goods which the plaintiff had given the defendant in accordance with the terms of section 2771 of the Civil Code of 1910, as well as the copies of certain way-bills, freight bills, and claim papers filed with and by the railroad company. As has already been stated, the court certifies that these copies were not submitted to the jury, and only the original notice or request of the plaintiff that the defendant trace the shipment was introduced. The fact that the last connecting carrier had been requested to trace the shipment, so as to locate the damage, and its refusal to do so, especially when

it accepted the notice, but made no response thereto after ample opportunity had been allowed for that purpose, is a pertinent circumstance which may indicate that the injury was occasioned by or upon the line of the defendant.

5, 6. The motion for a new trial assigns error upon the court's permitting the plaintiff, while testifying, to read from a book kept by himself and testify therefrom; because the defendant had produced a copy bill of lading showing what goods were shipped, delivered, and received by the defendant, and because oral testimony was not admissible when a correct copy of the documentary testimony was obtainable, and especially when it had not been shown that the original papers called for in the notice were in the possession of the defendant. As to these objections it is only necessary to say that the plaintiff testified that he had delivered the original bill of lading, along with the notice to trace, to an agent of the defendant, and the defendant had failed to produce it on notice to produce. The plaintiff was therefore permitted to prove by secondary evidence (such as his oral testimony would be) what was actually delivered to the carrier. *Crawford* v. *Hodge,* 81 *Ga.* 728 (8 S. E. 208). If the original bill of lading had been produced, it would have been prima facie evidence to the same point, but its statement of the articles received would not be conclusive upon the shipper. As to the shipper the bill of lading is in the nature of a receipt given by the opposite party, and he may show, if he can, that it does not evidence the acceptance of all of the articles he delivered to the carrier. It is not error to allow the plaintiff to refer to his book, as it does not appear that he testified from his book, and not from his memory. A witness may use any memorandum, useful for that purpose, to refresh his recollection, and his testimony will not be objectionable, if it is, at last, not entirely dependent upon the memorandum, but based upon his memory, even though the memorandum may be necessary in order to refresh his recollection.

7. There was no error in permitting the oral testimony complained of in the 4th ground of the amendment to the motion for new trial, over the defendant's objection that "the way-bill or dray ticket" was higher and better evidence. The defendant had failed to produce this way-bill or dray ticket, if he had it in his possession, or to show that it was lost or destroyed, and the court's ruling

was therefore in accord with what has just been held. *Crawford* v. *Hodge,* supra.

8. The 5th ground of the amendment to the motion for a new trial assigns error upon the admission of the notice to trace, served upon the defendant, upon the ground that it was not within the intention of section 2771 of the Civil Code to require a delivering carrier to trace for goods after the carrier had delivered them. Even if we agreed with counsel for the plaintiff in error in this construction of the provisions of the code section referred to, still, as we have already ruled, the evidence in regard to the notice to trace, and the refusal of the carrier to make any response thereto, might be a circumstance indicating that the injury had occurred upon the defendant's line of railroad. And while the plaintiff was perhaps not required to prove that fact, the admission of evidence to that effect, in any action against the last of connecting carriers who is shown to have received a shipment in good order and to have delivered it in bad order, can not be held to be erroneous. The fact that the goods were delivered in such a case would not affect the question. Indeed, the latter fact clearly evidences that the plaintiff's action was not one brought to recover upon a carrier's breach of his public duty to trace, and that the evidence as to the carrier's breach of this duty was merely a circumstance strengthening the legal presumption that the injury had occurred upon its line.

9. The assignment of error contained in the 6th ground of the amendment to the motion for a new trial depends upon the defendant's contention that the action is one in tort for the failure of the defendant to trace goods, and was therefore controlled by our ruling upon the demurrer.

10. The court can not be held to have erred in refusing the request to charge which is embodied in the 7th ground of the amendment to the motion for a new trial. The entire charge not having been sent up, or specified to be transmitted to this court, it must be assumed that the court correctly charged the principles of law pertinent to the case, and gave those portions of the requested instructions which are correct statements of law. But in no view of the case could we hold that the refusal of the request was erroneous, since the four distinct subjects dealt with in the request for instructions are presented en masse, and the court would have erred if he had charged the jury that they must be satisfied that the

damage was done in Berrien county, or they could not find for the plaintiff. It is well settled that the court can decline any request to charge which is not perfect in all its parts. When a request for instructions is presented, the trial judge is not required to sift the wheat from the chaff and remodel a defective request for instructions, so as to make it applicable to the case, or a correct statement of law.

11. The 8th, 9th, 10th, 11th, 12th, and 13th assignments of error rest upon the contention that the action is based upon the carrier's breach of the duty to trace; and as we hold that the court properly construed the petition as one brought to recover against the defendant as the last of connecting carriers, these exceptions are without merit. We think the court properly construed the petition, and, in that view of it, each of the instructions of which the plaintiff in error complains was applicable and pertinent, and contained a correct statement of the case.

*Judgment affirmed.*