SOUTHERN COTTON OIL COMPANY *v.* SOUTHERN RAILWAY COMPANY.

HILL, J. A railroad received and carried a shipment of goods from a consignor at Macon to a consignee at Zebulon. The shipment was made "collect" as to the freight charges. The carrier delivered the goods to the consignee without collecting freight charges, and, after failing thereafter to collect the same from the consignee, brought suit

against the consignor therefor. The case was tried on the following agreed statement of facts: "On the 11th day of October, 1913, the Southern Cotton Oil Company at Macon, Georgia, shipped via the Southern Railway to Taylor Bros. Company at Zebulon, Georgia, certain freight as follows: 300 C. S. Meals. This freight was shipped charges collect, and a sight draft was drawn on said Taylor Bros. Company with bill of lading attached. The said Taylor Bros. Company took up the said draft, and, being in possession of the bill of lading, demanded delivery of the said shipment from the Southern Railway Company. This shipment was billed paid, and consequently delivered to the said Taylor Bros. Company upon demand and presentation of the bill of lading, without the freight charges due (amounting to $21.60) being collected. The said sum of $21.60 was the lawful freight charge on this shipment from Macon to Zebulon, posted and on file in the office of the Railroad Commission of Georgia. The said Taylor Bros. Company have neither paid said freight charge to the Southern Railway Company or the Southern Cotton Oil Company, as it was not included in the sight draft as above mentioned. Effort was made later by the Southern Railway Company to collect the said $21.60 from the said Taylor Bros. Company; but before any legal action could be taken, the said Taylor Bros. Company were adjudicated bankrupt." The consignor contends that it is relieved from liability by reason of the negligence of the carrier in delivering the goods contrary to instructions, the carrier's lien on the goods thereby being lost and in the meantime the consignee having been adjudicated a bankrupt. *Held*, that the carrier does not, by waiving its lien and delivering the goods to the consignee before payment of the freight, release the consignor from liability. The carrier may collect from either the consignor or the consignee, in the absence of a special contract. Wooster *v.* Tarr, 90 Mass. 270 (85 Am. D. 707) ; Coal & Coke Ry. Co. *v.* Buckhannon River Co., 77 W. Va. 309 (87 S. E. 376) ; Holt *v.* Westcott, 43 Me. 445 (69 Am. D. 74) ; Grant *v.* Wood, 21 N. J. L. 292 (47 Am. D. 162) ; Porter on Bills of Lading (1891), § 370.

(*a*) According to the agreed statement of facts, the freight was shipped "charges collect," and a sight draft was drawn on the consignees, with bill of lading attached, which was paid. The record does not disclose any *special contract* binding the carrier to collect the freight charges from the consignee.

(*b*) The judgment of the Court of Appeals is in accord with the rulings above made.

*Judgment affirmed. All the Justices concur, except Fish, C. J., and Atkinson, J., dissenting, and George, J., disqualified.*

No. 287. FEBRUARY 15, 1918.

Certiorari to Court of Appeals (Case 7646, 19 *Ga. App.* 453).

*Hardeman, Jones, Park & Johnston* and *Harry S. Strozier,* for plaintiff in error. *Harris, Harris & Witman, Mallary & Wimberly, P. F. Brock,* and *W. B. Birch,* contra.