### 13490. SEABOARD AIR-LINE RAILWAY Co. *et al. v.* MONTGOMERY.

BROYLES, C. J. 1. A common carrier may collect freight charges on goods either from the consignor or the consignee, unless it has entered into a special contract binding itself to collect the charges from one of them only. And a mere agreement between the shipper and the carrier that the goods should be shipped " charges collect," and a memorandum in the bill of lading to this effect, would not constitute such a special contract. *Southern Cotton Oil Co.* v. *Southern Railway Co.,* 147 *Ga.* 646 (95 S. E. 251).

2. Where a railroad company transports goods under a bill of lading which shows that the freight charges were to be collected from the consignee, and where the carrier, through its negligence, fails to collect, or even to attempt to collect, the charges from the consignee (although it could have collected them if it had acted promptly) until after the consignee has become insolvent, the carrier can nevertheless recover the charges from the consignor. *Southern Railway Co.* v. *Southern Cotton Oil Co.,* 19 *Ga. App.* 453 (91 S. E. 876).

(a) This ruling would not be affected by the fact that at the time of the

delivery of the goods by the carrier to the consignee there existed an agreement between them that the carrier should deliver to the consignee all goods shipped " charges collect " and allow the consignee one week in which to pay the transportation charges.

3. Under these rulings and the facts of the case, the railway company was entitled to a verdict in its favor for the full amount sued for, and the court erred in directing a verdict for the defendant.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*

DECIDED JUNE 13, 1922.

Complaint; from Webster superior court — Judge Littlejohn. March 11, 1922.

*W. W. Dykes, J. F. Souter,* for plaintiffs.

*M. A. Walker, T. T. James,* for defendant.