15216. WESTERN & ATLANTIC RAILROAD CO. *v.* LEGG.

JENKINS, P. J. 1. "Upon an interstate shipment the freight charges for the transportation of the goods are fixed by the schedule of rates and joint tariffs filed and posted in accordance with the act of Congress of June 29, 1906, known as the 'Hepburn act;' and though a common carrier, by mistake or otherwise, delivers goods upon the payment of a lower rate than that stated in the schedules, the carrier may thereafter demand of the shipper the difference between the rate collected and that which should have been collected, and upon his refusal to pay may maintain an action therefor." *Seaboard Air-Line Ry.* v. *Luke,* 19 *Ga. App.* 100, 102 (90 S. E. 1041); *Ga. R.* v. *Creety,* 5 *Ga. App.* 424 (63 S. E. 528); *Cen. of Ga. Ry. Co.* v. *O'Neill Mfg. Co.,* 19 *Ga. App.* 490 (91 S. E. 877).

(*a*) "The fact that the rate was agreed on through mistake of one or both parties does not affect the operation of the rule requiring the established rate to be charged and paid, since both are bound to take notice of the filed tariff rates. Nor is it material whether the mistaken rate is fixed in the bill of lading or whether it was by parol agreement on a mistaken quotation of the rates made by the agent at the point of shipment." 10 C. J. 511, 512.

(*b*) The carrier may collect freight charges from either the consignor or the consignee, in the absence of a special contract binding itself to collect such charges from one of them only. *So. Cotton Oil Co.* v. *So. Ry. Co.,* 147 *Ga.* 646, 647 (95 S. E. 251); s. c. 19 *Ga. App.* 453 (91 S. E. 876); *Seaboard Air-Line Ry. Co.* v. *Montgomery,* 28 *Ga. App.* 639 (1) (112 S. E. 652).

2. While it is the general rule that the terms or efficiency of a bill of lading

evidencing a through contract of carriage cannot be varied or destroyed by parol evidence (*Albany &c. Ry. Co.* v. *Merchants Bank*, 137 *Ga.* 391 (4), 397, 73 S. E. 637; 10 C. J. 198), and that the bill of lading is prima facie evidence that the goods were delivered to the carrier as therein described, such recitals are not conclusive, and it may be shown by parol that none, or only a part, of the goods described in the bill of lading was actually received. *Atlantic Coast Line R. Co.* v. *Hill*, 12 *Ga. App.* 392 (5), 397 (77 S. E. 316); *Cen. of Ga. Ry. Co.* v. *Cook*, 4 *Ga. App.* 698 (1) (62 S. E. 464); 10 C. J. 199, 200.

3. The freight rule as filed with the interstate commerce commission, offered in evidence by the plaintiff carrier in connection with the lawful posted rates, provided that "when freight is loaded in a car by shipper and such car is not fully loaded but is tendered as a carload shipment, and the car is forwarded without other freight therein, the shipment will be charged for as a carload." The consignee testified that the car contained only his goods. The bill of lading described the goods shipped as "Car H. H. goods—shipper's load and count—weight (subject to correction) 12,000." While it does not thus necessarily appear from the bill of lading itself that the goods were tendered and shipped as a carload lot at the rate applicable thereto, and parol evidence by the carrier and the shipper was admissible to establish the actual agreement with reference to the class of shipment and the actual weight of the goods shipped, nevertheless the carrier's evidence was such as to establish its case as laid by the petition, and it was error to direct a verdict for the defendant. The issue raised by the plaintiff carrier's evidence on the one hand, and the defendant's evidence on the other hand to the effect that the defendant had asked for the "cheapest rate" as between the carload lot and the less than carload lot, taken with his rather indefinite evidence to support his contention that the actual weight of the shipment was only 4,200 pounds, should have been submitted to the jury.

> *Judgment reversed. Stephens and Bell, JJ., concur.*
> DECIDED MAY 17, 1924.

Complaint; from Gordon superior court—Judge Tarver. November 22, 1923.

*Tye, Peeples & Tye, F. A. Cantrell,* for plaintiff.
*Lang & Lang,* for defendant.