36030. GRIFFIN GROCERY CO. *v.* PENNSYLVANIA RAILROAD CO.

Decided March 13, 1956.

*Beck, Goddard & Smalley,* for plaintiff in error.
*Cumming & Cumming,* contra.

FELTON, C. J. While there is authority in cases from Federal district courts and circuit courts of appeal to support the trial court's judgment, there has not been a ruling by the Supreme Court of the United States on facts analagous to those here involved and there are several, though minority, rulings, which seem to us to be sound and correct, which in our opinion demand a reversal of the trial court's judgment. The cases which are contrary to our views seem to us to be based on a misconception of the intent and purpose of the Interstate Commerce Act. 49 U. S. C. sec. 3 (2). This section states in part: "No carrier by railroad and no express company subject to the provisions of this part (chapter) shall deliver or relinquish possession at destination of any freight or express shipment transported by it until

all tariff rates and charges thereon have been paid, except under such rules and regulations as the Commission may from time to time prescribe to govern the settlement of all such rates and charges and to prevent unjust discrimination. . ." The purpose of the act is to prevent unjust discrimination. The rationale of the United States Supreme Court decisions in Pittsburgh, C. C. & St. L. Ry. Co. v. Fink, 250 U. S. 577 (40 Sup. Ct. 27, 63 L. ed. 1151) and New York Central & H. R. R. Co. v. York & Whitney Co., 256 U. S. 406 (41 Sup. Ct. 509, 65 L. ed. 1016), is that published rates are matters of common knowledge which are accessible to all and by which all are bound and that no mistake or estoppel will excuse the failure to collect full published charges. These two cases involve the collection of additional charges where a lesser charge had been paid by mistake or otherwise. These cases are not authority for the trial judge's judgment in this case. The railroad cites numerous cases in support of its contentions. A great many of them involve the collection of additional charges. Some of them recite that they are not in equity. Assuming that it makes any difference whether the case is in equity or not the equitable defense of estoppel is available in this State in a law court to the extent that it is necessary to defeat a plaintiff's claim. The railroad cites: *Pittsburgh, C., C. & St. L. Ry. Co. v. Fink, 250 U. S. 577 (40 Sup. Ct. 27, 63 L. ed. 1151) ; *W. & A. R. Co. v. Legg, 32 Ga. App. 368 (123 S. E. 31) ; Jelks v. Philadelphia & Reading R. Co., 14 Ga. App. 96 (80 S. E. 216) ; Seaboard Air-Line R. Co. v. Montgomery, 28 Ga. App. 639 (112 S. E. 652) ; Southern Cotton Oil Co. v. Southern Ry. Co., 147 Ga. 646 (95 S. E. 251) ; Central of Ga. R. Co. v. Brown, 42 Ga. App. 278 (155 S. E. 787) ; Main Island Creek Coal Co. v. Chesapeake & Ohio R. Co., 23 Fed. 2d 248; *Penn. R. Co. v. L. N. White & Co., Inc., 280 N. Y. (App. Div.) 587; Atlantic Coast Line R. Co. v. Wannamaker Chemical Co., Inc., 216 S. C. 226, 231 (57 S. E. 2d 311) ; *Western Atlantic R. Co. v. Underwood, 281 Fed. 891; Great Northern R. Co. v. Hyder, 279 Fed. 783; Chicago, R. I. & P. Ry. Co. v. Central Warehouse Co., 14 Fed. 2d 123; N. Y., N. Haven & Hartford R. Co. v. Lord & Spencer, Inc., 273 Mass. 583 (174 N. E. 179) ; *Southern Pacific Co. v. Wheaton Brass Works, 5 N. J. 594 (76 Atl. 2d 890; certiorari denied 341 U. S. 905) ; *Penn. R. R. Co. v. L. W. White & Co., Inc., 289 N. Y.

(App. Div.) 587. See also Central Warehouse Co. *v.* Chicago R. I. & P. R. Co., 20 Fed. 2d 828. The cases among the above which involve undercharges, inapplicable here, are preceded by an asterisk. The cases cited where freight was not paid to shipper because of a representation that the freight was prepaid clearly are not applicable. We recognize that in some cases it is held that all parties are agents and trustees for the public in the matter of the enforcement of freight rates. The Georgia cases cited are not applicable to the facts of this case. The sounder cases which are decided on facts similar to those in this case are: Cincinnati Northern R. Co. *v.* Beveridge, 8 Fed. 2d 372; Davis *v.* Akron Feed & Milling Co., 296 Fed. 675; United States *v.* Mason & Dixon Lines, Inc., 222 Fed. 2d 646; Southern Ry. Co. *v.* W. A. Simpkins Co., 178 N. C. 273 (100 S. E. 418). The question of unjust discrimination, intentional or otherwise, in our opinion, is not involved in this case. An incidental question is simply an unwise extension of credit by the railroad. If the question of discrimination were involved in such a practice, the Interstate Commerce Commission would supervise the extension of credit more closely or prohibit it altogether. It would certainly seem to be an unusual occurrence if credit was granted by a railroad for the purpose of unlawfully intending to haul property without charge. But even if the extension of credit does involve unjust discrimination, the facts of this case raise it above a mere matter of public policy. Individual rights and ethical and moral conduct are older and most often superior to matters of public policy based on pecuniary considerations alone. Moreover, it would require more than a handful of inferior court decisions to require us to hold that the rule of public policy contended for by the railroad should under such facts as we have in this case paralyze or destroy the conscience of courts charged with the duty of administering justice. Conduct likely to lead to injury must not be allowed to justify itself by a claimed righteous public policy which is of doubtful relevance. The undercharge cases are so dissimilar that it is hardly necessary to compare the principles involved. When the railroad in this case expressly represented that the full freight charges had been paid when as a fact none had been paid, and caused the defendant to pay to the shipper the cost of the goods bought together with the freight charges it

put itself in the position of not being able in equity and good conscience to deny its representation. Had it not been for the misrepresentation the defendant could have protected itself by paying the freight to the plaintiff. We think that under the facts of this case the plaintiff is estopped to deny that the freight was paid and we think that it is not entitled to the judgment prayed for. Solvency or insolvency of the shipper and efforts to collect from it are irrelevant to the issue.

The court erred in finding for the plaintiff.

*Judgment reversed. Quillian and Nichols, JJ., concur.*