40542. SEABOARD AIR LINE RAILROAD COMPANY v. RICHMOND LUMBER, INC.

DECIDED MARCH 11, 1964.

*Hull, Willingham, Towill & Norman, Julian B. Willingham,* for plaintiff in error.

*Boller & Yow, D. Field Yow,* contra.

FELTON, Chief Judge. The facts stipulated demanded a finding for the defendant, Richmond Lumber, Inc. Ordinarily a consignee, by accepting a shipment, becomes liable as a matter of law for the full amount of the tariff charges, whether they are demanded at the time of delivery or later. Pittsburgh, C., C. & St. L. R. Co. v. Fink, 250 U. S. 577 (40 SC 27, 63 LE 1151); New York Central & H. R. R. Co. v. York & Whitney Co., 256 U. S. 406 (41 SC 509, 65 LE 1016); L. & N. R. Co. v. Central Iron &c. Co., 265 U. S. 59 (44 SC 441, 68 LE 900); 49 USCA 3 (2) Note 13. The same rule would apply to a nominee of the original consignee. Under the stipulation the shipment was delivered to and accepted in the first instance by Audlane Lumber & Builders Supply, Inc., the nominee consignee, who purchased the shipment from Richmond Lumber, Inc., for a price which included the tariff charges. "Audlane" paid the freight charges and was credited with the amount of such charges by Richmond Lumber, Inc., which in turn was credited with the same amount by John C. Taylor Lumber Sales, Inc. on the purchase price of the lumber which included the tariff charges. At the time the plaintiff railroad received the tariff charges from "Audlane" the collection of the charges from "Audlane" was legal and proper in every respect. This fact takes the case out of the class of cases which hold that a carrier does not lose its claim upon the original consignee for freight charges by delivering the goods to a nominee of the consignee without collecting the freight charges from the nominee of the consignee before delivery as directed by the consignee. The refund of the charges to "Audlane" does not make the rule above stated applicable to this case under the facts because the facts show that "Audlane" owed the charges paid by it and that "Audlane" was not justified in later refusing to take the shipment. In refunding the charges to "Audlane" after full knowledge of all the facts Seaboard attempted to adjudicate and determine the dispute between "Audlane" and Richmond Lumber, Inc. The refund was a voluntary payment under *Code* § 20-1007. The contention by Seaboard

that Richmond Lumber, Inc., assumed dominion over the shipment at Seminole Station, Florida, and treated the shipment unconditionally as its own is refuted by the stipulation that Richmond Lumber, Inc., as a result of the refusal by "Audlane" to utilize the shipment, and in order to minimize damages, keep down demurrage and protect the property, shipped the lumber to St. Petersburg, Florida, where it was unloaded and stored for the benefit of Richmond Lumber, Inc. See also, paragraph 12 of the stipulation. This action on the part of Richmond Lumber, Inc., was not exclusive dominion adverse to "Audlane" but was in the interest and solely for the benefit of "Audlane" and in compliance with the defendant's duty to minimize its damage which resulted from "Audlane's" breach of contract. Such action on the defendant's part did not have the effect of giving it the benefit of the shipment to Seminole, Florida, so as to cause it to be indebted for the freight to Seminole so as to justify the plaintiff in deciding that the defendant owed the freight instead of "Audlane." For a discussion of the purposes of the Hepburn Act and for an instance where the carrier was held to be estopped by its own conduct see *Griffin Grocery Co. v. Pennsylvania R. Co.*, 93 Ga. App. 546 (92 SE2d 254).

The court did not err in finding for the defendant.

*Judgment affirmed. Frankum and Pannell, JJ., concur.*