MISSOURI PACIFIC RAILROAD COMPANY v. DERMOTT GROCERY AND COMMISSION COMPANY

5-4955                                    441 S.W. 2d 798

Opinion Delivered June 9, 1969

*William J. Smith* and *Michael G. Thompson* for appellant.

*W. K. Grubbs, Sr.* for appellee.

CONLEY BYRD, Justice.    The issue on this appeal is whether the appellant Missouri Pacific Railroad Company is entitled to collect from appellee Dermott Grocery and Commission Company, as consignee, unpaid charges on intrastate shipments of freight on bills of lading marked "prepaid."    The Railroad claims an absolute right to collect the unpaid freight charges under Ark. Stat. Ann. §§ 73-1505—73-1507 (Repl. 1957).    The consignee, after receipt of the goods, had paid consignor not only for the goods but also for the freight charges.    On this basis it claims that the railroad is estopped to collect the charges.

The stipulated facts show that the Railroad, pursuant to Interstate Commence Commission Ex Parte Order No. 73, had extended a line of credit to the shipper, Horse Shoe Mills, Inc., and charged the freight bills herein sued for against the line of credit so extended.    However, the Railroad has not received payment on the credit extended to Horse Shoe Mills, Inc., the latter having been adjudged a "no-asset" bankrupt.

This is a case of first impression under Arkansas law.    However there are numerous authorities constru-

ing 49 U.S.C.A. § 3(2) containing language similar to the statute here involved. See *Pitsburgh, C. C. & St. L. R. Co. v. Fink*, 250 U.S. 577, 63 L. Ed. 1151, 40 S. Ct. 27 (1919). Even under the authorities construing this statute, appellant recognizes that it would be less than candid if it did not admit that there is a divergence of authority on the estoppel issue. Here the record shows:

"1. That the carrier made the full and proper charge for the freight shipped;

"2. That the carrier itself marked the bills of lading 'prepaid' pursuant to a line of credit extended to the consignor under rules and regulations of the Interstate Commerce Commission; and

"3. The consignee has paid both for the goods and the freight charges to the consignor."

Under these circumstances we are unable to see how the consignee received or retained any preference contrary to the statute and hence how the public policy against preferences is involved at all. In *Griffin Grocery Co. v. Pennsylvania R. Co.*, 93 Ga. App. 546, 92 S.E. 2d 254 **(1956), and in** *Missouri Pacific Railroad Co. v. National Milling Co.*, (D.N.J. 1967), 276 F. Supp. 367, one will find set forth the many reasons supporting the conclusion we have reached.

Affirmed.