42107.   STATE HIGHWAY DEPARTMENT v.
KIRCHMEYER et al.

SUBMITTED JUNE 7, 1966—DECIDED SEPTEMBER 28, 1966—
REHEARING DENIED OCTOBER 10, 1966—

*Arthur K. Bolton, Attorney General, Richard L. Chambers, Assistant Attorney General, F. H. Boney, Deputy Assistant Attorney General,* for appellant.

*Cook & Palmour, A. Cecil Palmour,* for appellee.

PANNELL, Judge. Since the order sustaining the pleas in abatement filed by the condemnee is not a final judgment (see *Elliott v. Service Trust &c.,* 107 Ga. App. 48 (2) (129 SE2d 203)), the question to be decided on the motion to dismiss the appeal in this court is whether the overruling of a general demurrer to, and a motion to dismiss, the appeal of the condemnee, as to the amount of the damages occasioned by the taking, to a trial by jury on the issue thus made by the appeal, is a decision which "if it had been rendered as claimed by the appellant" condemnor "would have been a final disposition of the cause or final as to some material party thereto." Section 1 of the Appellate Practice Act of 1965, Ga. L. 1965, p. 18 (*Code Ann.* § 6-701).

The present condemnation suit was brought under the Act approved April 15, 1961 (Ga. L. 1961, pp. 517, 529) as amended

by the Act approved October 8, 1962 (Ga. L. 1962, Sept. Sess., pp. 37, 47; *Code Ann. Ch.* 36-13) pursuant to which Acts a self-executing declaration of taking is filed with the petition of condemnation, which declaration contains a statement of the estimated value of the interest taken, the amount of which is deposited in court. Sec. 3 of the Act of 1961, as amended (*Code Ann.* § 36-1303). If the condemnee desires to contest the estimated amount, he may file an appeal "at any time subsequent to the deposit of the fund into court, but not later than fifteen days following the date of the last advertisement of the cause in the official newspaper of the county as provided for in subparagraph 7 of Section 5 of this Act," and it is the duty of the court "to cause an issue to be made and tried by a jury as to the value of the property taken and the consequential damage as to the property not taken," and "when such an appeal has been filed, all subsequent proceedings thereon shall have the nature of a de novo investigation . . ." (Section 10 of the Act of 1961 (*Code Ann.* § 36-1310)), and the "sole issue" on the appeal "shall be as to the amount of just and adequate compensation." Subparagraph 8 of Section 5 of the Act of 1961, supra. The "appeal," therefore, is the sole method of making an issue as to the amount of the damages occasioned by the taking so as to have the amount thereof determined on the merits before a jury rather than by the declaration of estimate. The filing of the appeal is somewhat analogous to the filing of an answer in an ordinary action. The dismissal of an answer is not a final judgment in the ordinary type of action. *Chandler v. Southern Union Conference,* 95 Ga. App. 66 (96 SE2d 621). The final judgment in such instance is the one entered upon the verdict or the judgment entered upon the default. While there is no provision for the rendering of a judgment in favor of the condemnor and against the condemnee on the dismissal of the appeal, here there is a provision for the entering of a judgment, which for all practical purposes takes the place of the ordinary judgment in the ordinary action. Section 7 of the Act of 1961, supra, provides: "No judgment of any court, nor order or ruling of the judge thereof, shall be necessary to give effect to the declaration of taking provided for in section 3 of the Act

but the same shall be self-executing. If no appeal is filed, as hereinbefore provided for, the condemnor shall, at the next term of the superior court convening not earlier than fifteen days subsequent to the date of the last advertisement in the official newspaper of the county, as provided for in subparagraph 7 of section 5 of this Act, or at any time thereafter, pay all accrued court costs in said case to the clerk of the superior court in which the same is pending; at which time, the judge of the superior court shall enter up judgment in favor of the condemnee and against the condemnor for the sum of money deposited by the condemnor with the declaration of taking. If such sum has been withdrawn from the court by such condemnee, as provided for in section 3 of this Act, the clerk of the superior court shall mark such judgment satisfied; and if the condemnee has not withdrawn such sum, the said clerk shall immediately apply the same to the payment of such judgment and either transmit the same to such condemnee or cause him to be notified that he holds the same subject to his demand." The judgment provided for in this section, so far as the record discloses, has not been entered, and could not properly have been entered upon the present status of the record with the appeal still pending. In our opinion, the dismissal of an appeal under the Act of 1961 would not constitute a final judgment. It follows, therefore, that the appeal in the present case being based upon rulings and decisions of the trial judge which would not have been final if rendered as contended by the appellant, the appeal must be dismissed.

*Appeal dismissed. Frankum, J., concurs. Felton, C. J., concurs in judgment only.*