43708.  MOULDER v. STEELE.

HALL, Judge.  The plaintiff sued the owner and the driver of an automobile, the son of the owner, alleging that her property was damaged by a collision of the automobile caused by the negligence of the driver.  Only the owner was served with process.  The trial court denied the plaintiff's motion for summary judgment against the defendant.  Thereafter in February 1968 the defendant filed an application for stay under the Soldiers and Sailors Civil Relief Act (50 U. S. C. A. § 521) alleging that the driver of the vehicle was enlisted in the United States Air Force in February 1967 for four years and was actively engaged and stationed in New Mexico, was expected to be able to return to Atlanta on leave during late December 1968, and was the only witness to the accident except his wife, a passenger in the automobile, who also resided in New Mexico.  The court granted the application ordering that the action be stayed until the driver "is able to attend trial or is no longer in military service."  On this appeal the plaintiff enumerates as error the order staying the action and the antecedent order denying her motion for summary judgment.

1.  The grant or denial of a stay under the Soldiers and Sailors Civil Relief Act, supra, is a final judgment on the collateral matter of stay and is appealable.  *City of Cedartown v. Pickett,* 194 Ga. 508 (22 SE2d 318) ; *Gates v. Gates,* 197 Ga. 11 (28 SE2d 108) ; *Howard v. Howard,* 203 Ga. 782 (48 SE2d 451) ; *Parker v. Parker,* 207 Ga. 588 (63 SE2d 366).  The motion to dismiss is denied.

2. The Soldiers and Sailors Civil Relief Act; supra, provides for stay of proceedings to which persons in military service are parties; it does not authorize a stay because witnesses are in the service. Konstantino v. Curtiss-Wright Corp., 52 FSupp. 684; Welsh v. Mercy Hospital, 65 Cal. App. 2d 473 (151 P2d 17); Jones v. State, 205 Ark. 806 (171 SW2d 298); Campbell v. Mestice, 28 N. J. Super. 192 (100 A2d 333).

The trial court erred in granting defendant's application for a stay under the Soldiers and Sailors Civil Relief Act.

3. *Code Ann.* § 81A-156(h) (Ga. L. 1967, pp. 226, 238) provides: "An order denying summary judgment is not subject to review by direct appeal or otherwise, unless within 10 days of the order of denial the trial judge certifies that the order denying summary judgment as to any issue or as to any party should be subject to review, in which case such order shall be subject to review by direct appeal." Where there is no such certificate, this court has dismissed the appeal. *Brooks v. Holman,* 117 Ga. App. 615 (161 SE2d 512). The appellant contends that this prohibition against review is inapplicable where there is an appealable order in the main appeal. (Division 1, supra). We disagree. The prohibition is against "review by direct appeal or *otherwise . . .*" (Emphasis supplied). Accord *Burman v. Wilkerson,* 217 Ga. 657 (1) (124 SE2d 389).

*Judgment reversed for the reason stated in Division 2. Bell, P. J., and Quillian, J., concur.*

ARGUED JUNE 4, 1968—DECIDED JUNE 25, 1968.

*Richard V. Karlberg, Jr.,* for appellant.

*Greer & Murray, Kenneth C. Pollock, Henry Bauer,* for appellee.