### 43725. STATE HIGHWAY DEPARTMENT v. KIRCHMYER et al.

HALL, Judge. The State Highway Department appeals from a judgment of the trial court denying its motion to dismiss the notice of appeal of the condemnee in a condemnation proceeding and for a judgment on the pleadings. See a former appeal in *State Hwy. Dept. v. Kirchmyer,* 114 Ga. App. 433 (152 SE2d 17).

The statute authorizing proceedings in rem for the condemnation of property for state-aid public road purposes by petition and declaration of taking and depositing into the court the amount of estimated compensation (Ga. L. 1961, p. 517, as amended; *Code Ann.* § 36-1303), required that the condemnee in this case, a resident of Georgia, be served personally with the proceedings and required in addition "a copy of such proceedings to be posted on the bulletin board at the courthouse; and, in addition thereto such advertisement shall be published in the official newspaper of the county in which such property is located, which notice shall describe the property taken, so as to identify the same, and shall give the name or names of the owners of such property or persons having an interest in or claims against such property, so far as the same may be known, and such notice shall be published in said newspaper once each week for two weeks subsequent to the filing of such petition and declaration." *Code Ann.* § 36-1305 (1), (7). The section of the law prescribing service includes the following: "Providing, however, that, this being a proceeding in rem, no provision as to service shall be so construed as to invalidate the intent of the condemnor, or as to delay the taking of the property . . . and a substantial compliance with the provisions for service, as heretofore set out, shall be deemed sufficient: and, Provided further, that, at any stage of the cause before final verdict and judgment, the judge of the superior court may order such additional service to be made, additional parties to be named, as may be required by equity and justice." The statute provides that the condemnee, if dissatisfied with the compensation as estimated in the declaration of taking and deposited in court, "shall have the right at any time subsequent to the deposit of the fund into court but not later than 15 days following the date of the last advertisement of the cause in the official newspaper of the

county, . . . to file with the court a notice of appeal, the same to be in writing and made a part of the record in the proceedings." *Code Ann.* § 36-1310.

The record shows that the condemnee was served personally and that the newspaper publication was completed on April 3, 1964, but does not show that a copy of the proceedings was posted at the courthouse. The condemnee's notice of appeal was filed on April 30, 1964.

The condemnor relies on *Mitchell v. State Hwy. Dept.*, 216 Ga. 517, 518 (118 SE2d 88, 93 ALR2d 459), which was a suit to enjoin the Highway Department from proceeding with the condemnation of a certain tract of land. The court held that the plaintiff was in no way harmed by reason of the condemnor's failure to give official notice in his capacity as executor since he had knowledge by virtue of being served with notice as an owner of the property. In our opinion the *Mitchell* case is not controlling. Here the condemnee does not seek to enjoin the taking of the property but merely to have "the value of the property taken and the consequential damages to property not taken," if any, determined as provided by law. Ga. L. 1961, pp. 517, 528 (*Code Ann.* § 36-1310). Under this statute the time for filing the notice of appeal to the amount of compensation stated in the declaration of taking and deposited into court is not tied to personal service but rather to service by publication. The time for appeal begins "at any time subsequent to the deposit of the fund into court" and ends "not later than 15 days following the date of the last advertisement of the cause in the the official newspaper of the county." Therefore, while a condemnee may have been personally served, he nevertheless has standing to raise the issue of a defect in publication which would toll the running of the time limitation for appeal. In *ex parte* proceedings under special authority, and in particular in eminent domain proceedings in which a man is deprived of his property, strict compliance by the State with all the prerequisites of the statute must be shown. *D'Antignac v. City Council of Augusta*, 31 Ga. 700, 712; *Thomas v. City of Cairo*, 206 Ga. 336, 338 (57 SE2d 192); *City of Cartersville v. Long*, 105 Ga. App. 762 (125 SE2d 539).

The trial court did not err in denying the condemnor's motion to dismiss the condemnee's notice of appeal and motion for judgment on the pleadings.

*Judgment affirmed. Bell, P. J., and Quillian, J., concur.*

654

Submitted September 5, 1968—Decided October 25, 1968— Rehearing denied November 13, 1968—

*Arthur K. Bolton, Attorney General, Richard L. Chambers, Marshall R. Sims, Assistant Attorneys General, F. H. Boney, Deputy Assistant Attorney General,* for appellant.

*Cook & Palmour, A. Cecil Palmour,* for appellees.