44928, 44929. SKYLARK ENTERPRISES, INC. v. MARSH & McLENNAN, INC.; and vice versa.

Evans, Judge. This is an appeal from a judgment in favor of plaintiff-appellee, Marsh & McLennan, Inc., against the defendant-appellant, Skylark Enterprises, Inc., in the amount of $576. The judgment is based on a complaint alleging that the defendant was indebted to the plaintiff on open account in the amount of $1,396.50, due for aviation insurance allegedly purchased from the plaintiff as an insurance agent. The defendant answered, denying any indebtedness. Thereafter, two separate motions for summary judgment in favor of the plaintiff were filed, heard, and denied; and the case proceeded to trial before the judge sitting without a jury. The evidence contains numerous documents, such as correspondence, bills, policies of insurance, a binder, and information relative to an additional binder, as well as conflicting testimony of the parties in reference to the inquiry, negotiation for, and the alleged issuance of binders and insurance policy, including an application therefor. The defendant filed a motion for new trial which was later amended, heard, and overruled. Error is enumerated on the earlier rulings on the motions for summary judgment, the judgment, and on the overruling of the amended motion for new trial. The cross appeal is from the same judgment alleging error in that the court failed to render judgment for the full amount sought in the trial court. *Held:*

1. The motion for summary judgment being a summary proceed-

ing, under *Code Ann.* § 6-701 (4) (Ga. L. 1965, p. 18; 1968, pp. 1072, 1073) and *Code Ann.* § 81A-156 (h) (Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238), is not subject "to review by direct appeal or otherwise," unless the requirements that the lower court certify it for direct appeal are met. It cannot be reviewed under *Code Ann.* § 6-701 (a-2) or (b) but can only be considered on appeal under *Code Ann.* § 6-701 (a-4). Under the present law, this court, after a trial, cannot go back of the same, and, based on ancillary rulings on motion for summary judgment, consider them. See *Moulder v. Steele,* 118 Ga. App. 87 (162 SE2d 785); *Hood v. General Shoe Corp.,* 119 Ga. App. 649 (2) (168 SE2d 326); *Hill v. Willis,* 224 Ga. 263, 266 (161 SE2d 281). Of course, if the evidence demands a verdict for either party, it is the duty of the appellate courts having jurisdiction, to so declare as a matter of law and end the litigation. See *Algernon Blair, Inc. v. National Surety Corp.,* 222 Ga. 672 (151 SE2d 724). The evidence here does not demand a finding in favor of either, but being in conflict on many issues, was for determination by a jury.

2. Since the evidence here is conflicting, there is no merit in the general or special grounds of the amended motion for new trial, all of which are grounded in the complaint that the evidence is insufficient to support the verdict. From the letters, correspondence, oral testimony and exhibits, including bills, policies of insurance, application and binders, the court, acting without the intervention of a jury, found for the plaintiff in its suit for insurance premiums, a definite sum, based on approximately 40 days of insurance coverage by reason of the binders issued, holding the policy was never validly issued and accepted by the parties to the contract. The errors enumerated in the main appeal are not meritorious.

3. While the court, acting as a jury, could have found for the plaintiff the full amount for which it was suing on open account, based on the evidence, it made its determination for a lesser amount based on the admission of an insurance executive that he did not intend to extend the binders beyond October 25 unless the application for the insurance was received, and awarded judgment for the 40 days the binders were allegedly in effect. While an application was received thereafter which was damaging to the defendant as to coverage sought, nevertheless, defendant refused to accept the policy as written, and in considering the entire voluminous

record, showing conflicting testimony and exhibits, this court cannot reverse the lower court, who heard the testimony and examined the exhibited documents. The court did not err in awarding the lesser amount, and the error enumerated in the cross appeal is not meritorious.

*Judgment affirmed on main appeal and on cross appeal. Hall, P. J., and Deen, J., concur.*

ARGUED JANUARY 12, 1970—DECIDED FEBRUARY 5, 1970—
REHEARING DENIED FEBRUARY 20, 1970.

*Mitchell, Pate & Anderson, Taylor W. Jones,* for appellant.
*Maley & Crowe, Wayne C. Crowe,* for appellee.