## 45268. BROOKS v. HOLMAN.

JORDAN, Presiding Judge. Holman commenced the present action against Brooks to recover $6,000 as damages representing the amount which he deposited with Brooks, an attorney, to be disbursed under the provisions of a contract between Holman and a person representing himself as John C. Martin, administrator of the estate of Silas McCormick.

Under the contract ten grain storage tanks were sold to Holman for $36,000, of which $30,000 was to be paid before shipment,

and $6,000 was to be deposited with Brooks to reimburse Holman for any shortage or damage attributable to the seller upon delivery, and the remainder, less the attorney's fee, was to be paid to Martin. The evidence adduced on trial discloses that Brooks, acting pursuant to a telegram purportedly sent by Holman stating "Shipment okay deduct your attorney fee and release balance of money to John Martin" (of which Holman denied any knowledge whatsoever), disbursed $5,500 to Martin, retaining $500 as a fee. Holman has never received anything under the contract. The jury found for the plaintiff, and the defendant appeals from the overruling of his motion for a new trial. For a related case, see *Smith v. Holman*, 117 Ga. App. 248 (160 SE2d 533). *Held:*

1. The special ground of the motion for new trial asserting error on the denial of a summary judgment is without merit. The sole means of testing the denial of a summary judgment is by direct appeal from the ruling, accompanied by the required certificate of the lower court. Ga. L. 1968, pp. 1072, 1073 (*Code Ann.* § 6-701 (a) (4)); Ga. L. 1967, pp. 226, 238 (*Code Ann.* § 81A-156 (h)); *Moulder v. Steele*, 118 Ga. App. 87 (3) (162 SE2d 785). Moreover, on the basis of the holding in Division 2 of this opinion, it is obvious that the overruling of the motion for summary judgment was not error. And, see dissent in *Campbell v. Carroll*, 121 Ga. App. 497.

2. Under the evidence a jury was authorized to determine that the defendant, having been entrusted with money to be used for a specific purpose, improperly disbursed $5,500 without proper authority and improperly retained $500 as a fee for services which were never performed in accordance with the conditions under which he held the money, unmixed with any fault of the person advancing the money. Where the purpose for which money is advanced has failed, the person advancing the money is entitled to the return of it, and may maintain an action for its recovery. See *Whitaker v. Creedon*, 97 Ga. App. 320, 326 (103 SE2d 175) and cases cited therein.

If the defendant was a depositary, as he insists on appeal, he was a depositary for hire and not merely a naked depositary (see *Code* § 12-301). As such he was bound to exercise ordinary care (*Code* § 12-404) and had the burden of proof to show such care (*Code* § 12-104) to escape liability. Under

the evidence, the jury was authorized to find that he had failed to exercise such care.

Judgment affirmed. Eberhardt and Pannell, JJ., concur.

SUBMITTED APRIL 8, 1970—DECIDED APRIL 30, 1970.

R. E. Llorens, for appelllant.
Lee Evans, for appellee.