45593. STATE HIGHWAY DEPARTMENT
v. KIRCHMEYER et al.

WHITMAN, Judge. This is the third appearance of this condemnation case before this court. For the prior appearances and some background, see *State Hwy. Dept. v. Kirchmeyer,* 114 Ga. App. 433 (152 SE2d 17), and *State Hwy. Dept. v. Kirchmyer,* 118 Ga. App. 652 (165 SE2d 170). In the second appearance we held that the lower court did not err in denying the condemnor's "Motion to Dismiss the Notice of Appeal of Condemnee and for Judgment on the Pleadings" (which motion was made upon the

ground that the condemnee had not filed his appeal to a jury within the time allowed by law) because the statutory requirements regarding service by publication had not been met. More specifically, we held that the record in the case did not show that the condemnor had posted a copy of the proceedings on the courthouse bulletin board and that such a defect would toll the running of the time allowed for appeal.

Thereafter the condemnor again made a motion to dismiss the condemnee's appeal on the ground that it had not been timely filed. Simultaneously the condemnor moved for a summary judgment for the dismissal of the condemnee's notice of appeal on the ground that there was evidence to show that a copy of the condemnation petition had been posted on the courthouse bulletin board as required by statute. The affidavits of three individuals, each averring of his own personal knowledge that a copy of the proceeding had been posted on the courthouse bulletin board, were offered in support of the motion for summary judgment. The lower court denied the motions and, in addition, certified the denial of the summary judgment for immediate appellate review. However, no appeal was taken at that time, rather the case proceeded to trial on the issue of value, and a judgment on the verdict was entered. *Held:*

As a result of the decision of this court in the second appearance of this case, discussed above, the condemnor took action to have the record show that a copy of the condemnation proceeding had in fact been posted at the courthouse. Our decision did not preclude such action and we think the condemnor chose a proper method.

The condemnor invoked a decision on its action. It made several motions, one of which was a motion for a summary judgment, supported by affidavits, for dismissal of the condemnee's notice of appeal on the ground that there was evidence to show that a copy of the petition had been posted on the courthouse bulletin board. The motion for summary judgment was denied and the denial of this motion was certified for review. The way was open for appeal. However, the condemnor did not choose to appeal but chose to proceed with the trial as to value. Being dissatisfied with that outcome, the condemnor has appealed

from the judgment on the verdict.

We cannot now review the denial of the condemnor's motion for summary judgment. "The sole means of testing the denial of a summary judgment is by direct appeal from the ruling, accompanied by the required certificate of the lower court." *Brooks v. Holman,* 121 Ga. App. 720 (1) (175 SE2d 131); *Patterson v. Castellaw,* 119 Ga. App. 712, 718 (168 SE2d 838); *Moulder v. Steele,* 118 Ga. App. 87 (3) (162 SE2d 785).

In *State Hwy. Dept. v. Kirchmeyer,* 114 Ga. App. 433, supra, it was held that at that time there had been no verdict and final judgment to support an appeal and, therefore, this court did not consider whether or not the trial court erred in denying the Highway Department's motion to dismiss the appeal of Kirchmeyer from the declaration of taking and the estimated value of taking and the estimated value of the property taken.

In *State Hwy. Dept. v. Kirchmyer,* 118 Ga. App. 652, supra, this court held that the trial court did not err in denying condemnor's motion to dismiss the condemnee's notice of appeal.

By order of the trial court of date May 22, 1969, the judgments of this court reported in 114 Ga. App. 433 and in 118 Ga. App. 652 were both made the judgments of the trial court.

The brief of appellant on the present appeal states that "the case is no longer pending in the court below and there has been a final judgment and the order of the trial court complained of herein is now before the court for review and determination." The brief concludes with this statement: "The court erred in entering judgment in favor of the condemnee based on the verdict of the jury when the record shows that the notice of appeal purporting to authorize the condemnee to try the issue before the jury was not timely filed and should have been dismissed on motion made by the condemnors."

The notice of appeal now before this court for review as originally filed on *May 28, 1970,* is "from the order of the trial court overruling the following: The motion to dismiss filed by the plaintiff condemnor to the appeal of the defendant condemnee; the general demurrer of the plaintiff condemnor filed to the appeal of the defendant condemnee; the order of the court denying the plaintiff condemnor's motion for summary judgment

dated *May 22, 1969."* (By order of the same date, to wit, *May 22, 1969,* the trial court, as above stated, certified the order denying summary judgment for review by direct appeal.) By an amendment to the appeal the appeal is also from the judgment of the court dated and entered May 8, 1970. This amendment has relation to the final judgment based upon the verdict of the jury in favor of the condemnor of date April 28, 1970, in the amount of $22,700 which recites that the condemnor had theretofore paid into the registry of the court $11,303.54, the amount of the declared estimate and the judgment was, therefore, entered in favor of the condemnee in the amount of $11,396.46, plus interest from the date of the taking, the same being March 19, 1964, said amount being the difference in the award by the jury and the amount theretofore paid into the registry of the court. By prior order of the trial court of date January 9, 1967, the clerk of the court had been authorized to pay to the condemnee, R. C. Kirchmeyer, the amount theretofore paid into the registry of the court. Both the appeal and the amendment thereto provide that "there is no transcript of evidence to be filed for inclusion in the record on appeal." Therefore, there is no question as to the correctness of the amount of the verdict and final judgment in respect of the sufficiency of evidence on the final hearing to support the same. The only question in respect of the verdict and judgment is in relation to the denial of the motion of condemnor to dismiss the condemnee's appeal from the declaration of taking and the amount thereof.

In view of the state of the record as above indicated, all of the appellant's enumerations of error are without merit.

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*

Argued September 9, 1970—Decided January 12, 1971.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Richard L. Chambers, Assistant Attorney General, F. H. Boney, Deputy Assistant Attorney General,* for appellant.

*Cook & Palmour, A. Cecil Palmour,* for appellees.