### 45584.   JACKSON v. MITCHELL MOTORS, INC.

WHITMAN, Judge. The plaintiff-appellant, Jackson, brought a complaint against Mitchell Motors for rescission of a contract of sale of a 1969 Oldsmobile automobile. The complaint alleged

that plaintiff was at all times a minor. It further alleged that: "At the time of . . . payment to defendant . . . [it was] represented to plaintiff that said vehicle was suitable for off street use and the warranty thereon would be in full force and effect at all times, even when off street use was had and said vehicle could be modified for off street use without impairing said warranty. Said representation was a material misrepresentation of the facts and calculated to cause the purchase and resulted in the purchase of said vehicle. Plaintiff has rescinded said contract on the dual basis of his minority and defendant's fraud." The record shows that "off street use" is synonymous with competition drag-strip racing.

A trial was had resulting in a judgment for the defendant. *Held:*

1. The grant of a judgment for the defendant is enumerated as error. A trial was had without the intervention of a jury. The trial judge was authorized to find as a fact from the evidence that the nature of the warranty on the automobile was not misrepresented when plaintiff ordered the car or at any time thereafter.

2. The evidence shows that the plaintiff was a minor when he purchased the car and was still a minor at the time he filed suit. There was no evidence that the plaintiff, either before or after his majority, made an unconditional or legal tender of the car to the defendant, but there was evidence that the plaintiff continued to use the car after filing suit and up to and after reaching majority. The trial judge was, therefore, authorized to find that the contract had been ratified. *Code Ann.* § 20-201.

3. The only other enumeration of error is that the trial court erred in not granting plaintiff's motion for summary judgment. The final judgment was entered on April 29, 1970, whereas the plaintiff's motion for summary judgment was denied by order of the trial court of date March 4, 1970, and the trial court did not certify that judgment for review. "The sole means of testing the denial of a summary judgment is by direct appeal from the ruling, accompanied by the required certificate of the lower court." *Brooks v. Holman,* 121 Ga. App. 720 (1) (175 SE2d 131). There was no such direct appeal by plaintiff and the present appeal does not appeal from such judgment. The enumeration

of error in relation to the denial of plaintiff's motion for summary judgment, accordingly, cannot be considered. See also *Barber v. Baker,* 118 Ga. App. 513 (164 SE2d 349); *State Hwy. Dept. v. Kirchmeyer,* 123 Ga. App. 185.

  *Judgment affirmed. Bell, C. J., and Quillian, J., concur.*
Argued September 9, 1970—Decided February 4, 1971.

*Scott Walters, Jr.,* for appellant.
*Schwall & Heuett, Emory A. Schwall, Edwin G. Russell, Jr.,* for appellee.