45972. BEKINS VAN LINES COMPANY v. BARLOW.

EVANS, Judge. Bekins Van Lines Co., a Nebraska corporation, as a common carrier, filed suit to recover certain transportation charges against Robert S. Barlow, in moving his furniture from Georgia to Massachusetts. The defendant answered, denying the material averments of the complaint, and denying that he owed the plaintiff anything. Defendant also affirmatively answered showing that his employer, Marrud, Inc., requested plaintiff to move defendant's property and entered into a con-

tract for moving it, and that defendant himself had never at any time entered into any contract with the plaintiff or obligated himself in any way to pay plaintiff the cost of moving the property. Defendant alleged further that plaintiff undertook to move his property, expecting to be paid for its services by Marrud, Inc., with no promise of compensation by the defendant. Marrud, Inc. is now bankrupt, which causes plaintiff to wrongfully assert its invalid claim against the defendant. By way of counterclaim, the defendant alleged that certain of the property was lost or damaged in the movement, and prayed judgment in a named sum, plus interest thereon. Motions for summary judgment were made and denied as to both the plaintiff and the defendant. The case proceeded to trial, resulting in a verdict in favor of the defendant, though without allowing damages on his counterclaim. The jury verdict was thereafter made the judgment of the court.

The plaintiff appeals from the final judgment, as well as the earlier judgment denying his motion for summary judgment and enumerates as error as follows: (1) The court erred in denying its motion for summary judgment in that the pleadings and affidavits on file showed that there was no genuine issue of material fact to be determined by the jury; (2) The verdict and judgment rendered against it were erroneous in that the evidence demanded a judgment in favor of the plaintiff. *Held:*

1. A review of a judgment with respect to motions for summary judgment is governed by § 56 (h) as amended, of the Georgia Civil Practice Act (Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238). See Appellate Practice Act of 1965 (Ga. L. 1965, p. 18; 1968, pp. 1072, 1073; *Code Ann.* § 6-701 (a 4)). An order denying summary judgment is not subject to review by direct appeal *or otherwise,* unless within 10 days of the order of denial the trial judge certifies that the order denying summary judgment as to any issue or as to any party should be subject to review, in which case such order shall be subject to review by direct appeal. The appeal of the denial of summary judgment comes too late and cannot be considered here. *American Bank of Atlanta v. Gray,* 122 Ga. App. 443 (177 SE2d 208); *Skylark Enterprises v. Marsh & McLennan,* 121 Ga. App. 235 (1) (173 SE2d 421).

2. It is well established that a commercial carrier may collect freight charges on goods from either the consignor or consignee, unless it has entered a special contract binding itself to collect the charges from one of them only. *Seaboard A. L. R. Co. v. Montgomery,* 28 Ga. App. 639 (112 SE 652); *Western & A. R. Co. v. Legg,* 32 Ga. App. 368 (123 SE 31); *Central of Ga. R. Co. v. Brown,* 42 Ga. App. 278 (155 SE 787). Under the testimony here of the consignee that he did not contract for the shipment of the goods, but that Marrud, Inc., as consignor, made all arrangements respecting the shipment, the jury here was authorized under the evidence to return a verdict in his favor. This verdict has the approval of the trial judge, and in such cases on appeal, this court will construe the evidence and all reasonable inferences and deductions arising therefrom most favorably towards supporting that verdict. *Wren v. State,* 57 Ga. App. 641, 644 (196 SE 146); *Southern R. Co. v. Brock,* 132 Ga. 858, 862 (64 SE 1083); *Stapleton v. Amerson,* 96 Ga. App. 471 (5) (100 SE2d 628); *Young Men's Christian Assn. v. Bailey,* 112 Ga. App. 684, 690 (146 SE2d 324); *Boatright v. Rich's, Inc.,* 121 Ga. App. 121 (173 SE2d 232). A reasonable inference from the evidence is that the consignor, who made all arrangements as to the shipment, agreed to pay, especially as the consignee positively testified that he did not at any time promise or obligate himself to pay for such transportation. Since the evidence did not demand a finding for the plaintiff, and the evidence was sufficient to support the verdict, there is no merit in the enumeration of error complaining that the evidence demanded a judgment in favor of the plaintiff.

*Judgment affirmed. Jordan, P. J., and Quillian, J., concur.*
ARGUED MARCH 2, 1971—DECIDED APRIL 6, 1971.

*Gerstein & Carter, Hugh R. Powell, Jr.,* for appellant.
*Ray C. Norvell,* for appellee.