### 47250.   PEPPERS v. CITIZENS & SOUTHERN NATIONAL BANK.

PANNELL, Judge. The Citizens & Southern National Bank brought an action against Mrs. Daisy Peppers as guarantor on a promissory note signed "Fidelity Enterprises, Inc., d/b/a Fidelity Fast Printers, Inc. Seal. Daisy L. Peppers, Treas. Seal." A "guaranty of payment" contract on the back of the note, authorizing suit directly against the guarantor was signed by the defendant. Among the defenses was one that the note had been altered by the plaintiff to make it appear that the note had been executed by Fidelity Enterprises, Inc., when in fact it had not done so, and that such alterations were fraudulent. The defendant also counterclaimed on the ground that the first mortgage on her home had been foreclosed because of the threats by plaintiff to foreclose its subordinated security deed. Plaintiff moved for a summary judgment on the complaint and for a summary judgment

on the defendant's cross claim. The defendant moved for a summary judgment as to plaintiff's complaint only. The trial judge granted plaintiff's motion and denied defendant's motion and entered judgment against the defendant for the principal, interest and attorney's fees on the note. The defendant appealed to this court from that portion of the judgment granting plaintiff's motion for summary judgment, and from that portion of the judgment overruling defendant's motion for summary judgment as to the original complaint, but no certificate of review was obtained for the latter portion of this appeal. *Held:*

1. There being no certificate by the trial judge for review of the overruling of defendant's motion for summary judgment as to the complaint, this action of the trial court can not be reviewed by this court. "The sole means of testing the denial of a summary judgment is by direct appeal from the ruling, *accompanied by the required certificate* of the lower court." *Brooks v. Holman,* 121 Ga. App. 720 (1) (175 SE2d 131).

2. Ga. UCC, § 109A-3—407 reads as follows: "(1) Any alteration of an instrument is material which changes the contract of any party thereto in any respect, including any such change in (a) *the number* or relations of the parties; or (b) an incomplete instrument, by completing it otherwise than as authorized; or (c) the writing as signed, *by adding to it or by removing any part of it.* (2) As against any person other than a subsequent holder in due course (a) *alteration by the holder which is both fraudulent and material discharges any party whose contract is thereby changed* unless that party assents or is precluded from asserting the defense; (b) no other alteration discharges any party and the instrument may be enforced according to its original tenor, or as to incomplete instruments according to the authority given. (3) A subsequent holder in due course may in all cases enforce the instrument according to its original tenor, and when an incomplete instrument has been completed,

he may enforce it as completed." Ga. L. 1962, pp. 156, 259. (Emphasis supplied.)

It is clear that the alleged addition to the signature on the note of the words "Fidelity Enterprises, Inc., d/b/a" is a material alteration or change under "(a)" and "(b)" of subsection "(1)" above. Plaintiff-appellee admits that "[v]iewing the evidence in a light most favorable to the appellant, the evidence raises questions of fact . . . with regard to the fraudulent or non-fraudulent nature of the alteration, if it occurred." There is ample evidence to authorize a finding that the alteration occurred; however, appellee insists that since the *language* of the contract of guaranty *on the back of the note* had not, itself, been changed or altered, there was, therefore, no change authorizing the defendant's discharge. This position is untenable under the statute. A change in the contract guaranteed is a change in the contract of guaranty. Nothing to the contrary was ruled in *Reynolds v. Service Loan &c. Co.,* 116 Ga. App. 740, 742 (158 SE2d 309) and *Newby v. Armour Agricultural Chemical Co.,* 119 Ga. App. 650 (2) (168 SE2d 652) relied upon by appellee. The trial court erred in granting the plaintiff's motion for summary judgment as to its complaint.

3. It not appearing from the material produced at the hearing that the foreclosing on plaintiff's home by a third party was produced or caused directly or indirectly by the plaintiff bank, the trial court did not err in granting plaintiff's motion for summary judgment as to the defendant's counterclaim.

*Judgment affirmed in part; reversed in part. Hall, P. J., and Quillian, J., concur.*

ARGUED JUNE 5, 1972—DECIDED SEPTEMBER 5, 1972.

*Long & Siefferman, Floyd E. Siefferman, Jr.,* for appellant.

*Alston, Miller & Gaines, Frederick H. Von Unwerth, Orinda D. Evans,* for appellee.