47538. NEWSRACK SUPPLY, INC. v. HEINLE.

PANNELL, Judge. 1. On the hearing on the motion to dismiss the complaint because of failure to state a claim, evidence was introduced and admitted by the court, converting the motion to dismiss to one of summary judgment. *Kell v. Georgia Power Co.*, 124 Ga. App. 237 (183 SE2d 511); *Daylight Industries, Inc. v. Allen,* 123 Ga. App. 69 (179 SE2d 542). The overruling of the motion, therefore, was the overruling of a motion for summary judgment and there being (a) no direct appeal from that judgment, nor (b) a proper certificate for review, this court is without jurisdiction to pass upon the enumeration of error complaining of such denial. *Moulder v. Steele,* 118 Ga. App. 87 (3) (162 SE2d 785); *State Highway Dept. v. Kirchmeyer,* 123 Ga. App. 185, 187 (179 SE2d 693); *Rustin Oldsmobile, Inc. v. Kendricks,* 123 Ga. App. 679 (1) (182 SE2d 178).

2. There is no right to a certificate of review to the overruling of a motion for summary judgment. Whether or not

such certificate be granted rests solely with the trial judge, and his refusal is not reviewable by this court.

3. An enumeration of error that the court erred (after directing a verdict against plaintiff's claim for attorney fees and damages based upon alleged bad faith and stubborn litigiousness on the part of the defendant, and against the defendant on his counterclaim for storage of items purchased after an alleged rescission of the purchase by the defendant) "in not directing a verdict in this case for appellant, the evidence showing that a judgment could not be legally had by the appellee under the appellate decisions of this State," cannot be considered, there having been no motion made to direct a verdict in favor of the appellant as against the plaintiff's action for the purchase price of certain machinery, nor can such enumeration of error on the failure of the court to direct a verdict be considered an enumeration of error that the evidence does not authorize a verdict, nor can it be considered an enumeration of error that the judgment entered on the verdict was unauthorized for lack of evidence to support the verdict. And there being no such enumeration of error, we do not rule upon the sufficiency of the evidence to support the verdict.

4. There were two major issues in this, (a) whether the sale by the plaintiff of certain machinery to an individual for a consideration partly cash to be paid and partly in stock of a corporation (the defendant) to be subsequently formed was rescinded by the individual purchaser, and (b) whether the corporation subsequently formed by "melting" with the former trade name business did subsequently ratify and affirm the contract for the purchase of certain machinery. The trial judge in charging the jury assumed that if a contract was made with the individual, who was subsequently to form the corporation, this was, without more, sufficient to bind the corporate defendant. See in this connection, *Wells v. Fay & Egan Co.*, 143 Ga. 732 (85 SE 873); *Georgia Power Co. v. Castleberry*, 43 Ga. 188, 189. While there was no exception

to the court's charge on the trial, pursuant to the requirements of Section 17 of the Appellate Practice Act, as amended (Ga. L. 1965, pp. 18, 31; 1966, pp. 493, 498; 1968, pp. 1072, 1078; *Code Ann.* § 70-207) we are of the opinion that this error was so flagrant in its disregard of the law applicable to the case that under subsection (c) of Section 17 of the Appellate Practice Act, we are required to reverse this case for the error committed. *Robinson v. State,* 113 Ga. App. 630 (6) (149 SE2d 420); *Foskey v. State,* 116 Ga. App. 334 (2) (157 SE2d 314). It is so ordered.

5. The remaining enumeration of error is without merit.

*Judgment reversed. Quillian, J., concurs. Hall, P. J., concurs in the judgment.*

ARGUED OCTOBER 3, 1972—DECIDED JANUARY 22, 1973.

*Robert W. Allen,* for appellant.