## 52905. GILBERT v. COBB EXCHANGE BANK.

BELL, Chief Judge.

This is a suit on a guaranty agreement. The trial court granted plaintiff's motion for directed verdict and a judgment was entered.

Plaintiff's evidence established that defendant's son on July 31, 1970 executed a promissory note to plaintiff in the amount of $3,100. The defendant executed an unconditional guaranty of payment of the note and of all extensions or renewals. On October 10, 1971 the note was renewed but an additional $600 cash was added to the principal amount of the original. The defendant argued at trial and here that the addition of the $600 constituted a novation and was accomplished without his consent which operated to discharge him. A novation without the consent of the surety will discharge the surety under Code § 103-202. This statute has been held to apply to a contract of guaranty. *Little Rock Furniture Co. v. Jones & Co.,* 13 Ga. App. 502 (79 SE 375). Plaintiff contends that since the guaranty covered all renewals of the note, there was no discharge. While the guaranty did cover extensions or renewals, it could only apply to a renewal of the same obligation and not a new one. The guaranty very clearly guaranteed payment of "that certain note dated July 31, 1970 in the amount of $3,100.00 . . . and all extensions or renewals thereof, . . ." and nothing else. The addition of the $600 to principal constituted a material change in the terms of the note. A novation resulted which discharged defendant.

The evidence demands a verdict for the defendant. The judgment of the trial court based on the grant of plaintiff's motion for a directed verdict is reversed. The

trial judge is directed to enter a judgment for the defendant.

*Judgment reversed with direction. Clark and Stolz, JJ., concur.*

Submitted October 7, 1976 — Decided November 19, 1976.

*Webb, Fowler & Tanner, T. Michael Tennant,* for appellant.

*Maley & Crowe, W. Christopher Bracken,* for appellee.