## 55974. SEWELL et al. v. AKINS et al.

SHULMAN, Judge.

Appellants brought suit on three notes signed by Royal Akins as maker and Robert Rutland either as a surety or guarantor. In an alternative claim, appellants sought recovery on an earlier note signed by Akins and his wife for which the other three notes were to have been substituted. This appeal is from the grant of summary judgment in favor of Rutland.

1. The first of three grounds urged by Rutland to support his motion for summary judgment was that the three notes were invalid because there had been no meeting of the minds sufficient to form binding contracts. The central point of disagreement was the presence on the notes as executed of a clause granting the maker an option for an extension on each note. Appellants contend that Akins and Rutland agreed to the terms of the note without the option; Rutland insists that Sewell assented to the inclusion of the option. The conflicting evidence of the parties presents a question as to the intent of the parties in executing the notes. That issue of fact precludes the

grant of summary judgment on that ground.

2. Rutland's second asserted ground for summary judgment is subject to the same fatal flaw as the first. Akins claims he was to receive $150,000 in cash (the three notes were for $50,000 each) and certain merchandise from Sewell as consideration for the notes. Rutland avers that the consideration was never received.

Appellants, however, insist that the agreed upon consideration for the three notes was the cancellation of the prior note, the outstanding balance of which at the time the three notes were signed exceeded $150,000. The conflicts in the testimony of the parties create questions of fact as to consideration and whether there was a failure thereof. Again, the conflicts preclude the use of that ground to justify the grant of summary judgment.

3. The final argument presented to the trial court by Rutland was that Sewell had altered the three notes in such a way as to discharge Rutland. The evidence shows without dispute that Sewell, upon receiving the executed notes, lined through the handwritten extension options.

A. The briefs of the parties to this action evidence some confusion as to whether the provisions of Code Ann. Ch. 103-2, Relative Rights of Creditor and Surety, or Code Ann. Ch. 109A-3, Art. 3, UCC, Commercial Paper, govern in this case. Since the documents involved are negotiable instruments, we hold that this action is controlled by Ch. 109A-3.

Some prior decisions of this court have applied Code Ann. Ch. 103-2 to contracts of surety or guaranty securing obligations evidenced by instruments which were almost certainly negotiable instruments without reference to the UCC. See, e.g., *Dunlap v. C. & S. DeKalb Bank,* 134 Ga. App. 893 (216 SE2d 651); *Gilbert v. Cobb Exchange Bank,* 140 Ga. App. 514 (231 SE2d 508). Compare *Peppers v. C. & S. Nat. Bank,* 127 Ga. App. 16 (2) (192 SE2d 409). However, even assuming that the instruments involved in those cases were negotiable instruments, there is no conflict between their application of Code Ann. Ch. 103-2 and our holding that the commercial paper chapter of the UCC controls in cases based on negotiable instruments. This is so because Code Ann. § 109A-3—601, which provides for the discharge of parties to negotiable

instruments, in subsection (2) provides for the situations in the cases cited above: "(2) Any party is also discharged from his liability on an instrument to another party by any other act. . .which would discharge his simple contract for the payment of money." The import of that subsection, as applied to *Dunlap* and *Gilbert,* is that in situations other than those listed in subsection (1) of § 109A-3—601, the law providing for the discharge of a surety or guarantor of a simple contract for the payment of money applies equally to a surety or guarantor of negotiable instruments. Therefore, an agreement (novation) which would discharge the surety or guarantor of a simple contract for the payment of money will also discharge one who is a guarantor or surety on a negotiable instrument. It was, therefore, appropriate in those cases to determine whether the alleged novations would discharge the surety or guarantor under the law which would govern the liability of a guarantor or surety of a simple contract for the payment of money, i.e., Code Ann. Ch. 103-2. For later developments in surety-guaranty law, see *Brock Const. Co. v. Houston Gen. Ins. Co.,* 144 Ga. App. 860 (243 SE2d 83) affd. 241 Ga. 460.

This case, however, does not trigger the resort to other non-UCC statutory provisions because the situation here, the physical alteration of an instrument, is provided for in Code Ann. § 109A-3—407. See, e.g., *Peppers v. C. & S. Nat. Bank,* supra.

B. Assuming the notes as executed with the extension option included former valid contracts (see Division 1, supra), then under the provisions of Code Ann. § 109A-3—407, the changes made to the instruments by Sewell were material changes: "(1) Any alteration of an instrument is material which changes the contract of any party thereto in any respect, including any such change in. . . (c) the writing as signed, by adding to it or by removing any part of it." However, the Code section goes on to provide in subsection (2) that the only material change which discharges any party is one which is also fraudulent.

Although the defensive pleadings in this case do not allege that the alteration was fraudulent, the issue was raised and considered on the motion for summary

judgment. The issue is, therefore, in the case. *Summerlot v. Crain-Daly Volkswagen, Inc.,* 238 Ga. 546 (1) (233 SE2d 749). However, the claim of fraud is a mere allegation thereof, without evidence to support it. Therefore, in addition to fact questions as to the existence of a contract and the terms thereof, the question of whether Sewell's alteration was fraudulent remains one of fact for the jury. It would not be a proper ground in this case for the grant of summary judgment for Rutland.

*Judgment reversed. Bell, C. J., and Birdsong, J., concur.*

ARGUED MAY 22, 1978 — DECIDED SEPTEMBER 7, 1978 — REHEARING DENIED OCTOBER 12, 1978 — ▉▉▉▉▉

*Zachary & Segraves, J. Ed Segraves, Thomas B. Murphy,* for appellants.

*Swertfeger & Scott, Jack H. Thrasher, Dillard & Shearer, G. Douglas Dillard, Carl E. Westmoreland, Jr.,* for appellees.