77055. GWINNETT GRAPHICS, INC. v. NORTH AMERICAN VAN LINES, INC.
(375 SE2d 292)

POPE, Judge.

Plaintiff North American Van Lines, Inc., brought suit against defendant, Gwinnett Graphics, Inc., to collect the shipping charges allegedly due for goods transported from the shipper's place of business in Florida to the office of Gwinnett Graphics, Inc. in Lilburn, Georgia. Summary judgment was awarded to plaintiff and Gwinnett Graphics appeals.

The bill of lading lists Gwinnett Graphics as both the shipper and the consignee. Gwinnett Graphics submitted the affidavit of its sales manager denying that it was the shipper. However, Gwinnett Graphics admits it was the consignee and received the shipped goods.

Gwinnett Graphics argues summary judgment was improper because the affidavit of its sales manager created a genuine issue of fact to be tried.

Because this case involves an interstate shipment of goods by a common carrier, it is governed by the Interstate Commerce Act. "Under [49 USC § 10744 (1978)], unless the consignee is an agent, having no beneficial interest in the property, he is generally responsible for the payment of all lawful shipping charges. . . . Our own cases have held that the carrier may collect the charges from the shipper or from the consignee, absent a special contract under which the carrier agrees to relieve one or the other." *Aero Mayflower Transit Co. v. Harbin*, 126 Ga. App. 72, 73 (190 SE2d 91) (1972). While the shipper is presumed to be primarily liable for freight charges for the transportation of goods, "the general rule is that the carrier may collect freight charges from either the shipper or the consignee, absent a special contract under which the carrier agrees to relieve one or the other." *O'Boyle Tank Lines v. Beckhan*, 616 F2d 207, 209 (5th Cir. 1980). In *O'Boyle*, the defendant who was listed on the bill of lading as consignee presented evidence that it was merely the receiving agent for the party which held the beneficial interest in the goods. Consequently, an issue of fact was created as to the named consignee's liability and summary judgment was reversed. However, in the instant case, Gwinnett Graphics was both the named consignee and the holder of the beneficial interest in the goods. The fact that Gwinnett Graphics contests whether it was properly listed on the bill of lading as the shipper does not create an issue of fact regarding the carrier's right to collect from it as consignee.

The holding in *Bekins Van Lines Co. v. Barlow*, 123 Ga. App. 601 (2) (181 SE2d 908) (1971), is distinguishable and not controlling of the facts now before us. In *Bekins*, the defendant's employer entered into a contract with the carrier for moving its employees' household goods. The contract between the employer and the carrier constituted evidence of a special contract binding only the employer to pay for the shipping. Consequently, "[t]he evidence did not demand a finding for the [carrier]" and this court refused to reverse the jury verdict in favor of the defendant-consignee. The case now before us involves a commercial transaction between the shipper and the consignee in which the consignee consented to the shipment of goods it ordered via common carrier. Although the shipper may be primarily liable,[1] the consignee may also be liable for shipping costs. The fact that the shipper is the party which actually hired the carrier does not create

---

[1] We note that the consignee's third-party claim against the shipper for indemnification of the judgment against it is still pending.

an issue of fact to defeat the carrier's motion for summary judgment. *Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED NOVEMBER 8, 1988.

*Davidson & Associates, William M. Davidson, Thomas P. Lenzer,* for appellant.

*Lamb & Associates, Melody R. Hennick, T. Gordon Lamb, Frederick G. Boynton, Edward H. Wasmuth, Jr.,* for appellee.